DARCY ET AL., APPELLEES, *v.* BENDER, ADMR., APPELLANT.

(No. 9497—Decided May 28, 1980.)

*Mr. Stanley P. Aronson,* for appellees.
*Messrs. Hershey & Browne* and *Mr. David R. Wilson,* for appellant.

MAHONEY, J. This appeal arises after the trial court directed a verdict on the issue of negligence against the defendant. We reverse.

### Facts

Plaintiff-appellee Theresa M. Darcy was driving her six-year-old daughter and her teenaged babysitter to school when her car and a car driven by Virginia Bender collided. Darcy sued Bender for personal injuries. The defendant, Bender, died; and, Ernest R. Bender, the administrator of her estate, was substituted as a party defendant. At trial, the "Dead Man's Statute" (R. C. 2317.03) precluded testimony from the parties to the action as to the issue of negligence. The only

witness the court heard on the issue of negligence was Tara Darcy, who is the daughter of plaintiff Theresa M. Darcy and who was nine years old at the time of trial. She testified she remembered that, three years earlier, her mother had been driving on the right side of the road when the Bender vehicle careened out of its lane to collide head on with the Darcy car. The defense cross-examined, but did not attempt to impeach, the child witness. Based solely on Tara's testimony, the court directed a verdict for the plaintiffs, Theresa M. Darcy and Joseph A. Darcy, on the issue of negligence.*

### Assignment of Error No. I

"The trial court erred in directing a verdict for the plaintiff[s] on the issue of negligence."

Civ. R. 50(A)(4) provides that the court shall grant a motion for a directed verdict if:

" * * * after construing the evidence most strongly in favor of the party against whom the motion is directed * * * [it] finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, * * * ."

The question here is whether Tara's testimony constituted sufficient foundation upon which to direct a verdict.

Tara was nine at the time of trial and only six at the time of the collision. However, defense counsel did not attempt to impeach Tara's memory of the incident or challenge her original perception of it. Also, as daughter of plaintiff Theresa Darcy, Tara was interested in the outcome of the trial. But, there was no other evidence on the issue of negligence, apart from her four pages of testimony.

The fact that there was no evidence to contradict Tara's testimony does not establish the truthfulness of that testimony. The fact that the judge found Tara competent to testify does not establish her credibility. Rather, her credibility was a question for the jury. See *Sprague* v. *Bd. of Review* (1953), 70 Ohio Law Abs. 387; 52 Ohio Jurisprudence 2d, Trial, Section 129.

---

* On October 24, 1979, jury verdicts were returned in favor of Theresa Darcy for $46,000 and in favor of Joseph Darcy for $6,000. On October 29, 1979, judgment was entered on the verdicts, and the notice of appeal was filed on November 28, 1979.

In addition, the fact that the plaintiff has the burden of proof in establishing negligence should also weigh against granting a directed verdict on the strength of one interested witness' uncontested testimony. 52 Ohio Jurisprudence 2d, Trial, Section 143.

The First District Court of Appeals stated the following in *Irwin* v. *Albers Super Markets, Inc.* (1950), 63 Ohio Law Abs. 77, 80:

"* * * Death has removed the one witness in the most favored position to explain the decedent's action at the time of the accident [here, Virginia Bender]. Frequently, no other witness is available. Under such circumstances, it would seem to be sound policy to consider the decedent free from negligence until the trier of the facts has passed upon the credibility of the witnesses, accepted their testimony as worthy of belief and then determined whether the decedent's conduct as thus established conformed to the standard of reasonable care."

Neither the interest nor the youth of a witness alone will necessarily preclude directing a verdict. Here, rather, it is the juxtaposition of several factors which mandates that this case be submitted to the jury: the witness' youth, her interest in the outcome, her status as sole witness as to negligence, and the crucial nature of that issue. These circumstances are sufficient to raise the question of credibility, and the jury must be given the opportunity to consider that question. See, generally, 21 Ohio Jurisprudence 2d, Evidence, Section 685.

### *Assignment of Error No. II*

"The trial court erred in failing to state in writing prior to or simultaneously with entering judgment herein, the basis for its decision on the direction of verdict for the plaintiff[s]."

Civ. R. 50(E) provides that the trial court shall state the basis for its decision to direct a verdict. However, appellant waived his right to protest the absence of this requirement by failing to timely raise the error to the trial court. *Welge* v. *Welge* (1950), 87 Ohio App. 95, 95-96.

### *Summary*

We sustain the first assignment of error, overrule the second, and remand this cause of action to the Court of Common

Pleas of Summit County for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

BELL, P. J., and VICTOR, J., concur.