**CAMPBELL et al., Appellants,**

v.

**PRITCHARD et al., Appellees.**

[Cite as *Campbell v. Pritchard* (1991), 73 Ohio App.3d 158.]

Court of Appeals of Ohio,
Clermont County.

No. CA90-09-082.

Decided April 15, 1991.

**160**

*Nippert & Nippert* and *Alfred K. Nippert, Jr.; Zimmer, Kapor & Simon Co., L.P.A.,* and *David W. Kapor,* for appellants.

*Rendigs, Fry, Kiely & Dennis* and *Todd M. Powers,* for appellees.

JONES, Presiding Judge.

Plaintiffs-appellants, Paul Campbell and Betty Lou Campbell, appeal a directed verdict granted to defendants-appellees, William L. Pritchard, Roger C. Pritchard and Pritchard Brothers, an Ohio partnership. The court granted appellees' motion for a directed verdict on the opening statement of appellants' counsel in appellants' negligence action against appellees. On appeal, appellants present four assignments of error which read as follows:

### Assignment of Error No. 1

"The Trial Court erred the Plaintiff/Appellants failing to state the basis for it's ruling [*sic*]."

### Assignment of Error No. 2

"The Trial Court erred when it found that the opening statement lacked negligence, notice and approximate cause [*sic*]."

### Assignment of Error No. 3

"The Trial Court erred the Plaintiff/Appellants by not overruling Defendants motion, Rule 50E is unsupportable and should be reversed [*sic*]."

### Assignment of Error No. 4

"The Trial Court erred for failure to give Plaintiff[s] an opportunity to amend opening statement."

As we construe the assignments of error, appellants set forth three principal arguments in support of their position. First, appellants claim the trial court erred in granting a directed verdict at the close of counsel's opening statement. Second, appellants claim the trial court erred by failing to state the basis for its decision as required by Civ.R. 50(E). Third, appellants claim the trial court erred by not allowing them an opportunity to amend their opening statement.

The issues raised in the case *sub judice* focus on appellants' opening statement which, in its entirety, is as follows:

"THE COURT: Mr. Nippert, you may present your opening statement.

"NIPPERT: Thank you, Your Honor.

"Ladies, we met a little earlier in *voir dire* and I really appreciate your attentiveness at that time. It was a lengthy morning for you and I really appreciate it. I know you're going to be able to pay good attention to this case.

"This case originated the beginning of April in 1986. The plaintiff, Mr. Paul Campbell, who you'll have a chance to meet later, was making his appointed rounds as the plant's repairman for Hauck's Appliance Services. He will tell you how, in the course of his duties, he would get into his van, drive over to the Hauck's operation, pick up his directions for the day and then go to various places.

"He will also tell you that this was his regular routine on a daily basis. He is the fellow you would call if your dryer didn't dry or your washer or other appliances didn't function. That is the man you would have called, that is what he did for years. He is 45 years old, he is married, has three daughters. He is a graduate of Covington Bible College.

"He will tell you the details about the day he was injured. Now, he was the only one there. He will tell you the kind of day it was, he'll just kind of walk you through it. He'll tell you about the tile. He'll tell you about the mat and he'll tell you about the number of times he had been into the various buildings at Milford Commons before. And he will tell you that he had seen loose tiles in other buildings before in the months that he had been working for Hauck's, servicing Milford Commons.

"See, one major difference, the day in question and in this building from other buildings is there was no mat on the floor. Mr. Campbell, the evidence will show, was carrying a tool box, that he went to the building at the request of the apartment management. As the stipulation indicated, he was a business invitee, he was not a trespasser, he was not a door-to-door salesman—

"POWERS: Objection, Your Honor.

"COURT: Mr. Nippert, I want a short, concise opening statement. Don't argue your case, sir.

"NIPPERT: Yes, Your Honor.

"He will tell you that the reason he was sent to this particular building was to change timing wheels on dryers. So you got less drying time for the drying. And he will tell you when he looked up, what he saw after he fell, the

water and the tile, which is now loose. We believe the evidence will show that the defendants had knowledge of this condition, either real or actual or just circumstantial.

"You'll be instructed by the judge regarding the law. It will be a difficult case for you because the only person there was Paul Campbell. You will hear other testimony, undoubtedly, from others. Those people weren't there. If a tree falls in the forest, does it make noise?

"THE COURT: Can I interrupt you again, Mr. Nippert?

"NIPPERT: Yes, Your Honor.

"THE COURT: Don't argue. What is your evidence going to show us?

"NIPPERT: That most of the other people who will be called were either employees of the defendant or they have been employed or are provided by companies that have a close financial connection with the defendant.

"It will be up to you ladies to fulfill the obligation to separate the wheat from the shaft [*sic,* chaff] and I am certain that you will because I wouldn't burden this Court, nor you, if I didn't believe it was."

■■ A motion for a directed verdict may be made on the opening statement of opposing counsel. Civ.R. 50(A)(1). In ruling on a motion for a directed verdict, the trial court must construe the evidence in favor of the nonmoving party and determine whether reasonable minds can come to but one conclusion on the evidence submitted, that conclusion being adverse to the nonmoving party. *Cox v. Oliver Machinery Co.* (1987), 41 Ohio App.3d 28, 534 N.E.2d 855; Civ.R. 50(A)(4). In *McCormick v. Haley* (1973), 37 Ohio App.2d 73, 75–76, 66 O.O.2d 132, 133–134, 307 N.E.2d 34, 36–37, the court held that: "The same test is to be applied regardless of the stage at which the motion is made. With respect to a motion made at the time of the opening statement, the test is applied to the evidence the party indicates, in his opening statement, will be offered."

Furthermore, the Ohio Supreme Court has noted that a trial court should exercise caution in sustaining a motion for a directed verdict on the opening statement of counsel. *Brinkmoeller v. Wilson* (1975), 41 Ohio St.2d 223, 70 O.O.2d 424, 325 N.E.2d 233. In order to sustain such a motion, " * * * it must be clear that all the facts expected to be proved, and those that have been stated, do not constitute a cause of action or a defense, and the statement must be liberally construed in favor of the party against whom the motion has been made." *Id.* at syllabus. Despite this rather strict standard, courts have nevertheless upheld directed verdicts granted on the opening statement of counsel when appropriate. See, *e.g., Mitchell v. Cleveland Elec.*

*Illum. Co.* (1987), 30 Ohio St.3d 92, 30 OBR 295, 507 N.E.2d 352; *Crowe v. Hoffman* (1983), 13 Ohio App.3d 254, 13 OBR 316, 468 N.E.2d 1120.

■ The parties stipulated that appellant Paul Campbell was a business invitee on appellees' property. Accordingly, appellees owed a duty to exercise ordinary and reasonable care for Campbell's safety and protection. This duty included maintaining the subject property in a reasonably safe condition and warning Campbell of latent or concealed defects of which appellees had or should have had knowledge. *Baldauf v. Kent State Univ.* (1988), 49 Ohio App.3d 46, 550 N.E.2d 517.

■ The opening statement indicated that the case at bar involved a fall by Campbell on appellees' property. There was a statement that there was no mat on the floor of the building in which Campbell fell. In addition, the opening statement indicated that after Campbell fell he saw "water and the tile, which [was] now loose." There was also a statement that appellees had knowledge of "this condition," although there is no indication of which condition appellees had knowledge of or when they acquired such knowledge of the condition.

Presumably, appellants were attempting to show that Campbell entered the building, that there was a condition in the building, *i.e.*, water, loose tiles or the absence of a mat, which appellees had knowledge of, and that Campbell fell as a direct and proximate result of the condition in the building. There was no statement, however, as to the cause of Campbell's fall, no statement as to when appellees acquired knowledge of the condition, and no statement that the condition existed for a sufficient time in which any failure on appellees' part to discover and remedy the condition constituted a breach of duty to Campbell.

A motion for a directed verdict examines the materiality of the evidence rather than the conclusions to be drawn from the evidence. *Cox, supra,* 41 Ohio App.3d at 29, 534 N.E.2d at 857. Thus, the court does not determine whether one version of the facts presented is more persuasive than another; it determines whether only one result can be reached under the theories of law presented in the complaint. *Id.* We conclude that the evidence presented in appellants' opening statement, even construed most strongly in appellants' favor, does not constitute a cause of action in negligence, and that reasonable minds could come to but one conclusion which is adverse to appellants. Accordingly, we find that the trial court did not err in granting appellees' motion for a directed verdict on the opening statement of appellants' counsel.

In their second issue, appellants submit that the trial court failed to follow the requirements of Civ.R. 50(E), which provides that:

■

"When in a jury trial a court directs a verdict or grants judgment without or contrary to the verdict of the jury, the court shall state the basis for its decision in writing prior to or simultaneous with the entry of judgment. Such statement may be dictated into the record or included in the entry of judgment."

After appellees moved for a directed verdict, the trial court took a short recess, after which the court informed the parties it would grant the motion. The court directed counsel for appellees to submit an entry. Although the court did not dictate the basis for its decision into the record, the judgment entry stated that:

"The court, having considered this motion, as well as the opening statement of [appellants], and construing said opening statement liberally in favor of [appellants], finds that the facts described in [appellants'] opening statement as those which [appellants] expected to prove at trial, even when taken as true, do not set forth the elements necessary to establish a cause of action in that [appellants'] opening statement failed to describe facts which, if resolved in [appellants'] favor, would establish negligence on the part of [appellees] and a proximate causal relationship between any said negligence and [appellant's] accident."

■ Although Civ.R. 50(E) provides that the trial court shall state the basis for its decision to direct a verdict, the party against whom the motion is granted waives his right to protest the absence of this requirement by failing to timely raise the error to the trial court. *Darcy v. Bender* (1980), 68 Ohio App.2d 190, 192, 22 O.O.3d 285, 286, 428 N.E.2d 156, 157. Appellants did not timely object to the court's basis as set forth in the judgment entry. If further explanation was required, it was incumbent upon appellants to request such from the trial court. *Grange Mut. Cas. Co. v. Fleming* (1982), 8 Ohio App.3d 164, 8 OBR 223, 456 N.E.2d 816. Even so, the trial court's basis as set forth in the judgment entry is minimally sufficient to meet the requirements of Civ.R. 50(E). See *id.*

■ Appellants' third issue claims that the trial court erred by not permitting them to amend their opening statement in order to sufficiently set forth a cause of action and overcome appellees' motion for a directed verdict. We have reviewed the record and find that appellants neither moved to amend their opening statement nor sought to otherwise supplement the facts presented therein. It is well established that errors in the trial court which could have been brought to the trial court's attention but were not are waived and cannot be raised for the first time on appeal. *Funk v. Hancock* (1985), 26 Ohio App.3d 107, 109, 26 OBR 317, 319, 498 N.E.2d 490, 492; *Standifer v. Arwood* (1984), 17 Ohio App.3d 241, 245, 17 OBR 508, 512, 479 N.E.2d 304,

309. Having failed to seek an amendment of their opening statement at the trial court level, appellants cannot raise the issue for the first time on appeal.

We find no merit in any of appellants' arguments. Accordingly, the assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WILLIAM W. YOUNG, J., concurs.

KOEHLER, J., dissents.

KOEHLER, Judge, dissenting.

In this cause, the majority affirms the trial court's abrogation of appellants' right to a jury trial, a right which, by the Constitution of the state of Ohio and the Civil Rules, is declared to be inviolate.

Civ.R. 50 varies from traditional Ohio practice only in slight detail (see Staff Note). However, Ohio differs from other jurisdictions in that it allows a directed verdict before any evidence is adduced. Compare Ohio Civ.R. 50(A) and Fed.R.Civ.P. 50(a). Directing a verdict for one party at the close of opposing counsel's opening statement is a permissible procedural technique to promote judicial economy and to terminate unnecessary litigation. Nevertheless, as the majority observes, in doing so the trial court should exercise great caution. Appellants' right to a fair trial is paramount.

In modern practice, the defending party has many opportunities to attack the viability of the asserted cause of action in a motion to dismiss or a motion for summary judgment. To withdraw the case from the jury because of the insufficiency of counsel's opening statement I believe is error. Even though in this cause the facts could and should have been presented with more exactitude and the statement might have been more direct and explicit, the cause of action asserted was readily perceived even by the majority and the opposing party was not prejudiced in any manner.

For reasons which follow, I believe the trial court abused its discretion and that the judgment entered was contrary to law.

Initially and most important, my review of the record in this cause and of the majority opinion reveals that neither the trial court nor this court gave any consideration to the pleadings. Appellants' first amended complaint appears wholly sufficient to support the two causes of action. Whether my evaluation of the complaint is proper does not matter. The failure of the trial court to consider the pleadings in ruling on the motion for directed verdict on opening statement constitutes error and requires the judgment below to be reversed and the cause remanded.

The majority cites the most recent Supreme Court decision on the issue before us for the proposition that directed verdicts on opening statements of counsel will be upheld when appropriate, *Mitchell v. Cleveland Elec. Illum. Co., supra.* Although Justice Wright did not specifically address the issue in his opinion, he clearly indicates that the opening statement and the complaint must be considered in the determination of a justifiable cause. See, also, *Archer v. Port Clinton* (1966), 6 Ohio St.2d 74, 76, 35 O.O.2d 88, 90, 215 N.E.2d 707, 709 (a motion for directed verdict after the opening statement "raises a question of law on the facts presented by that statement and the petition, all of which must be conceded"). Accordingly, I believe that this error should be raised *sua sponte* and the parties should be required to brief and argue the issue. See 89 Ohio Jurisprudence 3d (1989) 268, Trial, Section 222, and the authorities cited therein.

Second, the majority, in its analysis of the opening statement, concludes that the "evidence" presented fails to support the cause of action for negligence. I disagree with this conclusion. Even if the pleadings were not to be considered, I believe the opening statement, construed most favorably to appellants, would allow reasonable minds to anticipate that appellants would introduce evidence to support a negligence action.

Third, in my view, the trial court's final judgment entry fails to comply with the mandatory language of Civ.R. 50(E). It affords neither counsel below nor this court with the basis for the court's ruling. The majority finds the judgment entry in this cause to be "minimally sufficient" to meet the requirements of Civ.R. 50(E). Had the same standard of review been applied to the opening statement, it too would have been minimally sufficient to withstand a motion for directed verdict.

Finally, the trial court afforded appellants' counsel no opportunity to amend or modify his opening statement and the rules provide no basis for further inquiry of the court's rationale. In this circumstance, I find no authority set forth for the proposition which the majority relies upon—if not raised or requested, the remedy is waived. To the contrary, because counsel may inadvertently overlook some important facts that the plaintiff will have the burden of establishing, " 'he should be given a full and fair opportunity to explain and qualify his statement and make such additions thereto as, in his opinion, the proofs at his command will establish.' " *Crowe v. Hoffman, supra,* 13 Ohio App.3d at 256, 13 OBR at 319, 468 N.E.2d at 1122, quoting *Cornell v. Morrison* (1912), 87 Ohio St. 215, 222–223, 100 N.E. 817, 819.

Since I would raise the principal and controlling issue *sua sponte* and find the assigned error to have merit, I dissent.