**ALEXANDER, Appellant,**

v.

**CULP et al., Appellees.**

[Cite as *Alexander v. Culp* (1997), 124 Ohio App.3d 13.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71186.

Decided Sept. 15, 1997.

**16**

*Edward W. Cochran,* for appellant.

*Stanley Keller,* for appellees.

———————

DYKE, Judge.

Appellant, Neil Alexander, appeals the decision of the trial court granting a directed verdict after his opening statement. For the following reasons, we reverse and remand.

Appellant's complaint stated that he met with appellee, Reverend Harriet Culp, for marital counseling. Culp was a minister at appellee Fellowship United Church of Christ. Upon inquiry by appellant, Culp assured him that his disclosures would be kept confidential. Appellant told Culp that he had several affairs during his marriage. He was currently having an affair with a woman in Boston.

On November 29, 1994, Culp met with appellant's wife, Lynn Alexander, for lunch. The complaint alleged that at this lunch, Culp told Lynn that appellant was having an affair. Culp also said that appellant was a liar and not to be trusted. Culp advised Lynn to obtain a restraining order, change the locks on the house, and divorce appellant. Culp also stated that appellant was thinking of kidnaping the children and leaving the state with them. Culp advised Lynn to keep the children away from appellant. The complaint alleged that these statements were made intentionally and with malice and intent to harm.

That afternoon, Lynn filed a divorce action, changed the locks on the house, closed joint accounts, and obtained a restraining order against appellant.

Appellant filed suit against appellees for (1) statutory negligence and (2) invasion of privacy. Appellant alleged that appellee Fellowship United Church of Christ was liable by *respondeat superior.* The complaint prayed for compensatory and punitive damages but did not set forth an amount of damages.

Culp denied that she had made the alleged disclosures. Culp also asserted that Lynn already knew about the affair, and many other people knew about the affair.

During opening statement, appellant elaborated on the allegations of the complaint and alleged the following damages: (1) loss of household services, (2) loss of house rental services, (3) loss of an annual gift of $20,000 from Lynn's parents, (4) loss of his interest in a $1 million life insurance policy on the life of Lynn's father, (5) loss of consortium of his wife and children. The appellant's trial brief, filed months before trial, also sets forth these damages. Attached to

appellant's trial brief is the report of an expert witness/economist setting forth specific amounts of damages.

Appellant added during opening statement that Culp also disclosed the affair to a group of Lynn's relatives that had gathered at the Alexander home the evening of November 29, 1994.

The trial court's judgment entry states that appellees' motion for directed verdict is granted because (1) appellant failed to state a cause of action for invasion of privacy, (2) appellant failed to state a cause of action for punitive damages, (3) appellant failed to state a cause of action for any breach of confidentiality, and (4) appellant never moved to amend the complaint to allege a figure for monetary damages. Originally, this journal entry said that the evidence was construed in favor of appellees, but a *nunc pro tunc* journal entry stated that the evidence was construed in favor of appellant.

I

Appellant's first assignment of error states:

"In dismissing count one of the complaint, the court erred by ruling that a breach of confidentiality by a lawyer/doctor/minister in violation of Ohio Revised Code 2317.02, as alleged in this case, is not 'statutory negligence.' "

A court should exercise great caution in sustaining a motion for a directed verdict made following an opening statement. *Job v. Cleveland Dance Ctr.* (1989), 62 Ohio App.3d 678, 684, 577 N.E.2d 396, 400–401. A directed verdict is proper after opening statements if, construing the statement in favor of the party against whom the motion is made, it is clear that all the facts expected to be proved, and those which have been stated, do not constitute a cause of action or defense. *Id.; Brinkmoeller v. Wilson* (1975), 41 Ohio St.2d 223, 70 O.O.2d 424, 325 N.E.2d 233; see Civ.R. 50(A)(4). The court must consider the facts alleged in the opening statement and the complaint. *Mitchell v. Cleveland Elec. Illum. Co.* (1987), 30 Ohio St.3d 92, 30 OBR 295, 507 N.E.2d 352; *Sapp v. Stoney Ridge Truck Tire* (1993), 86 Ohio App.3d 85, 93, 619 N.E.2d 1172, 1177.

In this case, the court's journal entry states that the opening statements of both parties were considered. The transcript indicates that only appellant made an opening statement. We note that it would be improper for the court to grant a directed verdict based on the appellees' version of the facts. For example, the trial court could not find that Culp did not make the alleged statements to appellant's wife or that everyone knew of the affair. The evidence must be construed in a light most favorable to the appellant.

The court specifically found that the facts did not support a cause of action for negligence. We agree that there is no statutory negligence action for breach of

confidentiality by a minister. The appellant has stated a viable claim for common-law negligence.

■ Statutory negligence, or negligence *per se,* exists when (1) a legislative enactment imposes upon a person a specific duty to do or refrain from doing a specific act and (2) the legislature intended the statute for the protection of the plaintiff and others similarly situated. *Eisenhuth v. Moneyhon* (1954), 161 Ohio St. 367, 53 O.O. 274, 119 N.E.2d 440; *Hite v. Brown* (1995), 100 Ohio App.3d 606, 654 N.E.2d 452; *Hernandez v. Martin Chevrolet, Inc.* (1995), 72 Ohio St.3d 302, 649 N.E.2d 1215. Appellant asserts that appellees were negligent *per se* by violating R.C. 2317.02, Ohio's privilege statute.

■ R.C. 2317.02(C) prohibits clergy from testifying concerning information confidentially communicated during religious counseling. Appellant did not allege that Reverend Culp testified in court concerning his affairs. The statute does not prohibit a minister from disclosing confidential information outside legal proceedings. The legislature did not intend R.C. 2317.02 to protect persons against disclosures outside legal proceedings. R.C. 2317.02 does not create a statutory negligence cause of action in this case.

Appellee argues that a cause of action against a physician for breach of the physician/patient privilege has been recognized, based on R.C. 2317.02. See *Hammonds v. Aetna Cas. & Sur. Co.* (N.D.Ohio 1965), 3 Ohio Misc. 83, 31 O.O.2d 174, 237 F.Supp. 96. *Hammonds* found that a cause of action existed based on the public policy expressed in R.C. 2317.02 and 4731.22. R.C. 4731.22 provides that a physician's state license to practice medicine could be revoked for a disclosure of confidential patient information.

In the case of a clergy member, there is no statute akin to R.C. 4731.22, prohibiting the disclosure of confidential information. A subsequent decision applying Ohio law indicates that the cause of action for breach of confidentiality by a doctor is based solely on R.C. 4731.22. See *Neal v. Corning Glass Works Corp.* (N.D.Ohio 1989), 745 F.Supp. 1294, 1297. There is no statute upon which to base an action for statutory negligence in this case.

■ Appellant has stated a cause of action for common-law negligence. Although appellant did not plead common-law negligence, it is sufficient that the facts of the complaint assert the elements of common-law negligence. *Illinois Controls, Inc. v. Langham* (1994), 70 Ohio St.3d 512, 639 N.E.2d 771. The elements of a cause of action for negligence are duty, breach of duty, and injury resulting proximately therefrom. See *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180–181, 472 N.E.2d 707, 710; *Keister v. Park Centre Lanes* (1981), 3 Ohio App.3d 19, 3 OBR 20, 443 N.E.2d 532. Appellant asserted that Culp had a duty, arising out of the minister/parishioner

relationship, to maintain confidentiality. Appellant alleged that Culp breached this duty by disclosing the information to his wife and her family, and appellant was injured as a result. Appellant alleged sufficient facts in his opening statement and complaint to assert the elements of negligence.

We must consider whether this action is a "clergy malpractice action," because a cause of action for clergy malpractice may not be viable. The Ohio Supreme Court has declined to address whether a cause of action for clergy malpractice exists. See *Strock v. Pressnell* (1988), 38 Ohio St.3d 207, 527 N.E.2d 1235; *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 565 N.E.2d 584. Other jurisdictions have held that such a cause of action does not exist. *Nally v. Grace Community Church* (1988), 47 Cal.3d 278, 253 Cal.Rptr. 97, 763 P.2d 948; *Destefano v. Grabrian* (Colo.1988), 763 P.2d 275; see Annotation (1990), 75 A.L.R.4th 750. These cases reason that it is against public policy to impose such a duty on clergy members. Also, such an action may entangle the courts in First Amendment areas guaranteeing the freedom to practice religion.

 "Clergy malpractice" has been defined as the failure to exercise the degree of care and skill normally exercised by members of the clergy in carrying out their religious and professional duties. *Strock, supra.* An action for clergy malpractice is not a theory of ordinary negligence or tort but a separate and distinct cause of action. *Strock; Byrd, supra.* A cause of action for clergy malpractice is not available when other torts provide a remedy. *Id.*

In this case, the cause of action is for ordinary negligence, so a clergy malpractice action is not available. There is not an issue in this case over whether Culp exercised the degree of care and skill required of a clergy member. Although the duty not to disclose arose from the clergy/parishioner relationship, the breach of the duty to preserve appellant's confidences neither involved nor compromised any religious tenets. This action is not a clergy malpractice action, so it is unnecessary to consider whether clergy malpractice actions are viable. This action may go forward as a common-law negligence action.

 Even if this action is deemed a clergy malpractice action, the Supreme Court has not disallowed such an action. *Strock* and *Byrd, supra.* Public policy supports an action for breach of confidentiality by a minister. There is a public policy in favor of encouraging a person to seek religious counseling. People expect their disclosures to clergy members to be kept confidential. Such a policy is expressed in R.C. 2317.02, although this statute does not create statutory negligence. See *Berry v. Moench* (1958), 8 Utah 2d 191, 331 P.2d 814. Whether a particular case interferes with First Amendment freedoms can be determined on a case-by-case basis. See *Strock, supra.*

■ Also, a professional negligence action may be brought against a member of any profession, not just licensed professions, or those governed by R.C. 2305.11. See *Strock,* 38 Ohio St.3d at 211, 218, 527 N.E.2d at 1238–1239, 1244–1245. 2 Restatement of the Law 2d, Torts (1965), Section 299A; *Doe v. White* (1994), 97 Ohio App.3d 585, 647 N.E.2d 198. Malpractice actions have been brought against social workers and counselors, as well as doctors and attorneys. See *id.; Hite v. Brown* (1995), 100 Ohio App.3d 606, 654 N.E.2d 452. A professional negligence action against a minister may be proper under the facts of this case. However, we hold that appellant has alleged an action for ordinary negligence, not clergy malpractice.

■ We must also consider whether this action is really an action for alienation of affections under another guise. Actions for alienation of affections have been abolished. See *Strock;* R.C. 2305.29. In *Strock,* a religious marriage counselor had sex with the plaintiff's wife, while providing marriage counseling to plaintiff and his wife. Strock filed suit against the counselor for breach of fiduciary duty and intentional infliction of emotional distress. The court held that the action was really an action for alienation of affection, and such actions have been abolished. Courts no longer recognize a proprietary interest of a spouse in another spouse. In the present case, appellant is suing to protect his privacy interest in the confidential matters disclosed during counseling, not just his proprietary interest in his spouse. This action is not barred by the prohibition against amatory actions.

Neither could the court grant a directed verdict on the basis that this action would violate the Free Exercise Clause of the First Amendment. See *Strock,* 38 Ohio St.3d 207, 527 N.E.2d 1235. In this case, the issue of whether Culp's disclosure was in accordance with religious practices did not arise and was not pled. The court cannot dismiss this case based on any First Amendment conflict.

■ Appellee also argues that Culp's communication to the wife was privileged. In the physician/patient cases, the physician is not liable if the communication to the nonpatient was necessary for the welfare of the nonpatient or the welfare of the public. See *Littleton v. Good Samaritan Hosp.* (1988), 39 Ohio St.3d 86, 98, 529 N.E.2d 449, 459–460. *Knecht v. Vandalia Med. Ctr., Inc.* (1984), 14 Ohio App.3d 129, 14 OBR 145, 470 N.E.2d 230; *Levias v. United Airlines* (1985), 27 Ohio App.3d 222, 27 OBR 262, 500 N.E.2d 370; *Berry,* 8 Utah 2d 191, 331 P.2d 814. The defense of privilege was not pled or asserted by appellees below. The court could not dismiss the action on the basis of privilege upon appellant's opening statement.

■ We also consider whether appellant stated a claim for intentional infliction of emotional distress. See *Byrd,* 57 Ohio St.3d 56, 565 N.E.2d 584. The

complaint did not allege that appellant suffered serious emotional distress, so the complaint was not sufficient to allege intentional infliction of emotional distress. See *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 6 OBR 421, 453 N.E.2d 666; *Borowski v. State Chem. Mfg. Co.* (1994), 97 Ohio App.3d 635, 647 N.E.2d 230. *Byrd* is distinguishable because in that case, intentional infliction of emotional distress was specifically pled in the complaint.

We find that appellant stated a cause of action for common-law negligence, but we make no statement as to whether appellant will ultimately establish each element of his claim. The trial court erred in granting a directed verdict, since the allegations of the complaint and the proffer of evidence in the opening statement were sufficient to state a cause of action in negligence.

Accordingly, this assignment of error is sustained.

## II

Appellant's second assignment of error states:

"In dismissing count two of the complaint, the court erred by ruling that a breach of confidentiality by a lawyer/doctor/minister in violation of Ohio Revised Code 2317.02, as alleged in this case, is not an 'invasion of privacy.'"

To recover for invasion of privacy, the following elements must be shown: (1) that there has been a public disclosure, (2) that the disclosure was of facts concerning the private life of an individual, (3) that the matter disclosed would be highly offensive and objectionable to a reasonable person of ordinary sensibilities, (4) that the disclosure is intentional, and (5) that the matter publicized is not of legitimate concern to the public. *Killilea v. Sears Roebuck & Co.* (1985), 27 Ohio App.3d 163, 27 OBR 196, 499 N.E.2d 1291. "Public disclosure" means a disclosure to the public at large, or so many people that the matter must be regarded as substantially certain to become one of public knowledge. *Id.; Hobbs v. Lopez* (1994), 96 Ohio App.3d 670, 645 N.E.2d 1261.

Appellant alleged that Reverend Culp made disclosures to his wife and his wife's family. Therefore, appellant did not allege facts showing that Culp disclosed the information to the public or so many persons that the information would certainly become public knowledge. See *id.* Appellant did not make sufficient allegations to support his claim of invasion of privacy.

Appellant claims that *Levias v. United Airlines*, 27 Ohio App.3d 222, 27 OBR 262, 500 N.E.2d 370, held that invasion of privacy does not require disclosure to the public. *Levias* found that an employer and the employer's physician could be liable for disclosure of medical information to plaintiff's supervisor and plaintiff's husband. That case was based on an action for breach of confidentiality of

physician/patient information, and relied on *Hammonds*, 3 Ohio Misc. 83, 31 O.O.2d 174, 237 F.Supp. 96. A cause of action for breach of physician/patient confidentiality does not require that the disclosure be made to the public.

Facts showing the elements of invasion of privacy were not alleged in the complaint and/or opening statements. Appellees were entitled to a directed verdict because all the facts stated and expected to be proved by appellant did not support a cause of action for invasion of privacy. See, generally, *Campbell v. Pritchard* (1991), 73 Ohio App.3d 158, 596 N.E.2d 1047.

Accordingly, this assignment of error is overruled.

### III

Appellant's third assignment of error states:

"In dismissing plaintiff-appellant's claim for punitive damages, the court erred in ruling that the allegations in the complaint that Reverend Culp violated the confidentiality of Ohio Revised Code 2317.02 with malice and intent to harm plaintiff-appellant were not sufficient to withstand a motion to dismiss as to punitive damages."

In ruling on a motion for a directed verdict upon opening statements, the court must construe the facts in the opening statement and the complaint in a light most favorable to the nonmovant. *Mitchell v. Cleveland Elec. Illum.*, 30 Ohio St.3d 92, 30 OBR 295, 507 N.E.2d 352; *Sapp v. Stoney Ridge Truck Tire*, 86 Ohio App.3d at 93, 619 N.E.2d at 1177. Appellant's complaint stated that appellee Culp made the disclosures intentionally, recklessly, and with malice and intent to harm. In the complaint and opening statements, appellant alleged that Culp purposely made the disclosure to his wife, encouraged his wife to get a divorce, and told her to keep appellant away from the children. Culp allegedly told the wife lies, such as that appellant wanted to leave the state with the children. Such facts, if true, might support an award of punitive damages.

"Actual malice, necessary for an award of punitive damages is (1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston v. Murty* (1987), 32 Ohio St.3d 334, 512 N.E.2d 1174, syllabus.

Assuming that the alleged facts are true, the facts could support a finding that Culp acted with ill will or with a conscious disregard for the rights of appellant and that there was a great probability of substantial harm.

Accordingly, this assignment of error is sustained.

## IV

Appellant's fourth assignment of error states:

"In dismissing the complaint for failure to allege specific *amounts* of damages in the *complaint*, the court erred in applying a provision of Civ.R. 54(C) which was deleted in the July 1, 1994 amendments to the Civil Rules."

Effective July 1, 1994, Civ.R. 54(C) was amended to delete the requirement that a complaint must be amended seven days before trial to state an amount of damages. Under the revised wording of Civ.R. 54(C), damages can be recovered that are not set out in the complaint. See *Riggs, Ferris & Geer v. Lillibridge* (C.A.2, 1963), 316 F.2d 60; *Sandusky Mall Co. v. Pet Corner, Inc.* (1997), 117 Ohio App.3d 198, 690 N.E.2d 78.

Appellees argue that Civ.R. 15(A) or (B) must be followed in order to amend the complaint to show an amount of damages. See Staff Notes to Civ.R. 54(C). Civ.R. 15(B) provides that the court may allow pleadings to be amended to conform to the evidence at trial, unless the objecting party would be prejudiced. Appellees state that they would be prejudiced by such an amendment.

Appellant's trial brief, filed months before the trial, listed the damages claimed by appellant. Appellant's trial brief was sufficient to put appellant on notice of the amount of damages sought. Appellees would not be prejudiced if appellant were allowed to amend the complaint to conform to the evidence. The trial court erred in dismissing the complaint based on failure to state an amount of damages.

Accordingly, this assignment of error is sustained.

## V

Appellant's fifth assignment of error states:

"In construing the evidence most strongly in favor of defendants, the court erred in not realizing that when a directed verdict is made after opening statements, it must be treated as a motion to dismiss for failure to state a claim, and the pleadings and allegations of the complaint must be taken as true."

The trial court did not err in stating that when a motion for directed verdict is made after opening statements, the motion is properly granted if, construing the evidence in a light most favorable to the nonmovant, reasonable minds could only conclude that judgment should be in favor of the movant. See *Campbell v. Pritchard*, 73 Ohio App.3d 158, 596 N.E.2d 1047. Whether the motion for directed verdict is made upon opening statements or after evidence is taken, the same standard applies. The evidence considered upon opening statement is the evidence expected to be proved. See *id.* The trial court used the proper

standard but erred in determining that there was no cause of action for negligence, as discussed above.

Appellant also asserts that the court failed to *sua sponte* inquire whether appellant wished to add to or explain his opening statement. See *Archer v. Port Clinton* (1966), 6 Ohio St.2d 74, 35 O.O.2d 88, 215 N.E.2d 707. This argument is moot, considering our disposition of appellant's first assignment of error. We note that if the court erred in this respect, the error was harmless. Appellant had every opportunity to add to his opening statement and did add to his opening statement. Appellant has not shown how the court's failure to make this inquiry prejudiced him.

Accordingly, this assignment of error is overruled.

The judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

JAMES D. SWEENEY, C.J., and PORTER, J., concur.