OPINION
 STATEMENT OF THE FACTS AND CASE {¶ 1} Appellant, Carol Reef, alleges she was a counseling client of appellee in 1994 when she was the spouse of Greg Burks. The counselor was one Christine Nelson PHD, Psychology Assistant supervised by Gordon Haliday, PHD, Psychologist.
 {¶ 2} Appellant further asserts that her former husband became employed by appellant in December 2000 and that his girlfriend, Karen Voltz, was also an employee.
 {¶ 3} Appellant states that she became aware that confidential information from her counseling file was being discussed by the sister of Karen Voltz and others.
 {¶ 4} Appellant filed suit for invasion of privacy and her husband was included for loss of consortium.
 {¶ 5} Appellee's Motion for Summary Judgment was sustained.
 ASSIGNMENT OF ERROR {¶ 6} The sole Assignment of Error is:
 {¶ 7} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
 I. {¶ 8} The applicable considerations by a court as to a motion for Summary Judgment is set forth in Civ.R. 56 and cases construing its applicability.
 {¶ 9} Civil Rule 56(C) states, in pertinent part:
 {¶ 10} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 11} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. Anchor Media Ltd. of Texas (1991),59 Ohio St.3d 108, citing Celotex v. Catrett (1986), 477 U.S. 317. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36.
 {¶ 12} In its decision the trial court relied on Killileav. Sears Roebuck and Co. (1985), 27 Ohio App.3d 163 and Alexanderv. Culp (1997), 124 Ohio App.3d 13 and stressed the necessity of public disclosure when it stated:
 {¶ 13} "The confidential material must be communicated to the public at large or to so many people that the matter must be regarded as substantially certain to become one of public knowledge."
 {¶ 14} Killilea v. Sears is readily distinguishable on its facts as it dealt with an alleged shoplifter being subjected to disparaging remarks by a security officer. The Tenth District Court in such case correctly reviewed the four requirements under the publicity tort of invasion of privacy.
 {¶ 15} In Alexander v. Culp, a case closer in fact to the one sub judice, the court found that the appellant did not appropriately allege the elements of invasion of privacy. While such case again required public disclosure as an element, it also stated, in referencing Levias v.United Airlines, 27 Ohio App.3d 222, that a cause of action for breach of confidentiality in a physician/patient relationship does not require a disclosure to the public.
 {¶ 16} We must then look to the Reinstatement of the Law 2d, Torts [1977], 376, Section 652A in which Dean Prosser analyzed invasion of privacy when he stated:
 {¶ 17} ". . . that invasion of privacy is not one but, rather, four distinct torts. Prosser, Privacy (1960), 48 Cal.L.Rev. 383. This approach, that there are four different interests of a plaintiff which are tied together by the common term "invasion of privacy," has been adopted by the Restatement of the Law. (Restatement of the Law 2d, Torts [1977] 376, Section 652A.)
 {¶ 18} "Dean Prosser's four classifications are: (1) intrusion upon the plaintiff's seclusion or solitude, or into his private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity which places the plaintiff in a false light in the public eye; and (4) appropriation, for the defendant's advantage, of the plaintiff's name or likeness."
 {¶ 19} The Ohio Supreme Court in Housh v. Peth (1956),165 Ohio St. 35 recognized the first of such torts in holding:
 {¶ 20} ". . . or wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities."
 {¶ 21} Blevins v. Sorrell (1990), 68 Ohio App.3d 665 has likewise defined an unreasonable intrusion claim as "the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." See also: Prince v. St. Francis-St. George Hosp., Inc. (1985),20 Ohio App.3d 4, 7, citing McCormick v. Haley (1973), 37 Ohio App.2d 73,77.
 {¶ 22} Therefore, setting aside those causes of action requiring dissemination to the public we must focus on whether appellant adequately plead such claim in the absence of the denied Amendment.
 {¶ 23} Judge John W. McCormac has precisely stated:
 {¶ 24} "The Civil Rules do not require the pleader to state with precision all elements that give rise to the basis for recovery as long as fair notice of the nature of the action is provided. However, the complaint must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory (not necessarily the legal theory of the pleader), or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial. In other words, if there is no hint in the pleadings or proof of a particular material point necessary to enable the pleader to prevail, that allegation will not be considered within the pleadings. * * * McCormac, Ohio Civil Rules Practice (1984 Supp.) 53-54, Section 5.03."
 {¶ 25} The complaint contains the following assertions:
 {¶ 26} ". . . circulated by employees at Center for Individual and Family Services, Inc., which information could only have been obtained by a person or persons having unauthorized access to her personal file.
 {¶ 27} ". . . she expected that the information she gave in her counseling sessions in 1994 was personal and confidential and that such information which was obtained and recorded by an employee of Center for Individual and Family Services, Inc., would remain confidential until released by her.
 {¶ 28} ". . . as a result of the unauthorized invasion of her personal file at Center for Individual and Family Services, Inc., she has been put "on exhibit" in an outrageous and indecent manner which has caused her humiliation, embarrassment, and severe emotional and mental distress."
 {¶ 29} Even though the Complaint also contains assertions as to dissemination, we find that it adequately conforms to the pleading requirements of the Civil Rules.
 {¶ 30} We therefore determine that, since the trial court stressed the necessity of public dissemination and apparently applied such concept universally as to all claims of invasion of privacy, it incorrectly eliminated appellant's allegations of "intrusion" upon the plaintiff's private affairs. For this reason, we sustain the Assignment of Error as the Summary Judgement ruling was inappropriately applied.
 {¶ 31} While appellee also asserts late filing of the notice of appeal, which Judge Gwin of this Court has rejected, we will address such claim.
 {¶ 32} Appellate Rule 4(A) states:
 {¶ 33} "A party shall file the notice of appeal required by App.R. 3 within 30 days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 34} In the case sub judice, the ruling of the court was journalized on March 21, 2002. Even if, as appellee states, a fax copy was forwarded by the clerk on March 11, 2002, the court speaks through its journal.
 {¶ 35} In State Ex Rel. Hughes v. Celeste (1993), 67 Ohio St.3d 429, the peremptory writ was issued and journalized even though no evidence of service by the clerk appeared on the record. The court found, however, that service consistent with Civ.R. 5(B) was made the same day on the Assistant Attorney General, satisfying the requirements.
 {¶ 36} This is different than the case under consideration.
 {¶ 37} We do not, therefore, accept the argument of late filing of the appeal.
 {¶ 38} This cause is reversed and remanded to the trial court for further proceedings consistent herewith.
By: Boggins, J., Gwin, P.J. and Wise, J. concur.
Topic: Summary Judgment