[Cite as *Spero v. Avny*, 2015-Ohio-4671.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MITCHELL SPERO, TRUSTEE OF THE
MANNY AND SYDELLE SPERO
DYNASTY TRUST, et al.

      Appellees

      v.

MARTHY AVNY, et al.

      Appellants

C.A. No.      27272

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2012-06-3623

DECISION AND JOURNAL ENTRY

Dated: November 12, 2015

HENSAL, Presiding Judge.

{¶1} Sam Avny, Martha Avny, Project Light, LLC, Project Light, Inc., and Design Light, Inc. appeal a judgment of the Summit County Court of Common Pleas that entered a directed verdict for Anthony DeAngelis on his breach of contract and successor liability claims. For the following reasons, this Court affirms in part and reverses in part.

I.

{¶2} Mitchell Spero hired Mr. Avny to develop products for Spero Electric. The two men later formed Project Lighting, LLC, Prospetto Light, LLC, and Prospetto Lighting, LLC. Mr. Avny eventually formed his own company, Project Light, LLC, which shared many of the same employees as Mr. Spero's and Mr. Avny's joint ventures, including Mr. DeAngelis.

{¶3} In October 2008, the Speros sued the Avnys, Project Light, LLC, Project Lighting, LLC, and Mr. DeAngelis in Portage County. In December 2010, the parties negotiated a settlement, under which the defendants agreed to pay the Speros $600,000. According to Mr. DeAngelis, to induce him to agree to the settlement, Mr. Avny signed a separate indemnification agreement, in which he agreed to protect Mr. DeAngelis from personal liability.

{¶4} Contemporary to the settlement agreement, Mrs. Avny formed Project Light, Inc. Shortly thereafter, the Avnys transferred Project Light, LLC's assets to it. The Avnys also moved to Florida, presumably to protect themselves from execution on the Portage County judgment. The Speros, thereafter, sought payment from Mr. DeAngelis by garnishing his savings and retirement accounts. Mr. DeAngelis, consequently, sought reimbursement from the Avnys under the indemnification agreement, but to no avail. The Avnys also terminated his employment.

{¶5} In June 2012, the Speros sued the Avnys, Mr. DeAngelis, Project Light, Inc., Project Lighting, LLC, Project Light, LLC, Prospetto Light, LLC, Prospetto Lighting, LLC, and a number of Jane Does, alleging that the Avnys fraudulently transferred Project Light, LLC's assets to Project Light, Inc. They also sought to impose successor liability on Project Light, Inc. for the December 2010 settlement agreement. Mr. DeAngelis cross-claimed against the Avnys for breach of contract, fraudulent transfer, and successor liability. The Speros later dismissed their claims against Mr. DeAngelis and amended their complaint to add Design Light, Inc., another company Mrs. Avny had formed, as a defendant. Mr. DeAngelis, likewise, amended his cross-claim to assert his claims against Design Light, Inc.

{¶6} In October 2013, the trial court granted partial summary judgment to Mr. DeAngelis finding the Avnys were liable on his breach of contract claim. It found that there was

a genuine issue, however, regarding the amount of his damages, so it set that issue for trial along with the Speros' claims and his other claims. Further, at the close of the evidence, the court directed a verdict in favor of the Speros and Mr. DeAngelis on their successor liability claims. It also directed a verdict in favor of Mr. DeAngelis on the amount of his breach of contract damages, concluding they were $253,954.56. The jury found in favor of the Speros and Mr. DeAngelis on their fraudulent transfer claims, awarding the Speros $1,500,000 and Mr. DeAngelis $500,000 in punitive damages. Following trial, the court journalized its directed verdicts and certified that there was no just reason for delay under Civil Rule 54(B). The Avnys, Project Light, LLC, Project Light, Inc., and Design Light, Inc. (collectively "the Avnys") have appealed the judgment entry that journalized the court's directed verdicts, assigning three errors. We have rearranged the assignments of error for ease of consideration.

## II.

## JURISDICTION

{¶7} As a preliminary matter, we must determine whether we have jurisdiction to consider this appeal. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). This Court has jurisdiction to hear appeals only from final orders or judgments. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2505.03. In the absence of a final, appealable order or judgment, this Court must dismiss the appeal for lack of subject matter jurisdiction. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. Medina No. 2930–M, 2000 WL 109108, *1 (Jan. 26, 2000).

{¶8} Even if a decision is a final order or judgment, it is not appealable if it does not comply with the rules prescribed by the Ohio Supreme Court regarding the timing of appeals. Under Article IV Section 5(B) of the Ohio Constitution, the Ohio Supreme Court has authority to

"prescribe rules governing practice and procedure in all courts of the state * * *." Exercising that authority, the Supreme Court has adopted the Ohio Rules of Civil and Appellate Procedure, which contain requirements regarding the timing of appeals. *See Alexander v. Buckeye Pipe Line Co.*, 49 Ohio St.2d 158, 159-160 (1977) ("Questions involving * * * the timing of appeals are matters of practice and procedure within the rule-making authority of this court * * *"). In Civil Rule 54(B), it has prescribed that, "[if] more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." The term "judgment" under Rule 54(B) includes final orders under Section 2505.02. Civ. R. 54(A).

{¶9} The judgment entry that the Avnys have appealed contains a final determination of the rights of the parties as to Mr. DeAngelis's breach of contract and successor liability claims. It, therefore, constitutes a judgment. *GTE Automatic Elec, Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146, 150 (1976). Although the entry does not resolve Mr. DeAngelis's fraudulent transfer claims, the trial court made an express finding that "[t]here is no just reason for delay[,]" in compliance with Civil Rule 54(B). The parties have not argued that Mr. DeAngelis's claims are too inextricably intertwined to give effect to the trial court's Rule 54(B) certification. *See Glenmoore Builders, Inc. v. Smith Family Trust*, 9th Dist. Summit No. 23879, 2008-Ohio-1379, ¶ 16. Accordingly, we conclude that this Court has jurisdiction to consider this appeal.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REFUSING TO REMOVE ATTORNEY ARGIE AS COUNSEL FOR DEANGELI[S], IN REFUSING TO HOLD A HEARING AS TO THIS ISSUE, AND IN REFUSING TO PERMIT EXTENSIVE EVIDENCE OF THIS ISSUE DURING TRIAL.

**{¶10}** The Avnys argue that the trial court abused its discretion when it denied their motion to disqualify Mr. DeAngelis's lawyer. They also argue that the court should have held a hearing on their motion in this regard before ruling on it.

**{¶11}** Courts have "inherent authority to supervise members of the bar appearing before it[.]" *Kala v. Aluminum Smelting & Refining Co., Inc.*, 81 Ohio St.3d 1, 4 (1998). "This includes the inherent authority of dismissal or disqualification from a case if an attorney cannot, or will not, comply with the Code of Professional Responsibility when representing a client." *Mentor Lagoons, Inc. v. Rubin*, 31 Ohio St.3d 256, 259 (1987). In exercise of this authority, "[a] trial court has wide discretion * * *." *Royal Indemn. Co. v. J.C. Penney Co., Inc.*, 27 Ohio St.3d 31, 35 (1986). "An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable." *Latson v. Blanchard*, 9th Dist. Summit No. 18867, 1998 WL 683769, *1 (Sept. 30, 1998). Disqualification "interferes with a client's right to choose counsel[,]" and is "a drastic measure which courts should hesitate to impose except when absolutely necessary." *Kala* at 263, quoting *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir.1982).

**{¶12}** Regarding the Avnys' argument that the trial court should have held a hearing before ruling on their motion, we note that they did not request a hearing in their motion. This Court has held that, if a party does not request a hearing on its motion to disqualify counsel in the trial court, this Court will not consider an argument on appeal that the trial court erred in failing to conduct a hearing. *Latson* at *4 ("[A] fundamental rule of appellate review is that a reviewing court will not consider as error any issue that a party was aware of, but failed to bring to the trial court's attention."). The Ohio Supreme Court has "never held that a court must hold an

evidentiary hearing before ruling on every motion for disqualification." *Dayton Bar Assn. v. Parisi*, 131 Ohio St.3d 345, 2012-Ohio-879, ¶ 15.

**{¶13}** Regarding whether the trial court abused its discretion, the Avnys argue that Mr. DeAngelis's lawyer had a conflict of interest because he represented them in the Portage County action. They also allege that he has represented Mr. Avny and his companies in other matters. Under Professional Conduct Rule 1.9, "a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client." (Emphasis deleted). A matter is deemed to be substantially related when it "involves the same transaction or legal dispute or one in which there is a substantial risk that confidential factual information that would normally have been obtained in the prior representation of a client would materially advance the position of another client in a subsequent matter." Prof.Cond.R. 1.0.

**{¶14}** The Avnys attached to their motion to disqualify copies of several checks that Project Light, LLC paid to Mr. DeAngelis's lawyer in connection with the Portage County case. They also attached copies of the lawyer's itemized statements to Mr. DeAngelis. The statements indicate that Mr. DeAngelis's lawyer's work included "draft[ing] Project Light responses" to discovery requests and numerous phone calls with Mr. Avny.

**{¶15}** Mr. DeAngelis's lawyer admitted in a filing to the trial court that he had "previously performed services as counsel or co-counsel for Defendant Sam Avny (or entities owned by Sam Avny) * * *." The trial court, however, noted that Mr. DeAngelis's claims in this case arose entirely out of the alleged breach of the indemnification agreement. The court found that, just because the Avnys and Mr. DeAngelis were previously "allied in their respective defenses in the [Portage County] case does not now create a conflict of interest between [Mr.

DeAngelis's lawyer] and the other defendants in this matter." Upon review of the documents the Avnys submitted, the court determined that they had not demonstrated that "the subject matter of any past relationship is * * * substantially related to the present proceedings" or that Mr. DeAngelis's lawyer "acquired confidential information from the[m]."

{¶16} Other than the fact that Mr. Avny signed the indemnification agreement in connection with settling the Portage County action, the Avnys have not pointed to anything in the record that suggests that there is a substantial risk that Mr. DeAngelis's lawyer acquired confidential factual information that would materially advance Mr. DeAngelis's claims in this action. Upon review of the record, we conclude that the trial court's ruling was not unreasonable, arbitrary, or unconscionable. Accordingly, the court did not abuse its discretion when it denied the Avnys' motion to disqualify. The Avnys' second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN GRANTING DIRECTED VERDICT TO DEANGELIS.

{¶17} The Avnys argue that the trial court incorrectly directed a verdict for Mr. DeAngelis as to his compensatory damages and legal fees. Under Civil Rule 50(A)(4), the trial court shall grant a motion for directed verdict after the evidence has been presented if, "after construing the evidence most strongly in favor of the party against whom the motion is directed, * * * reasonable minds could come to but one conclusion upon the evidence submitted * * *." Civ.R. 50(A)(4); *Parrish v. Jones*, 138 Ohio St.3d 23, 2013-Ohio-5224, ¶ 16. "By the same token, if there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied." *Hawkins v. Ivy*, 50 Ohio St.2d 114, 115 (1977). Because a motion for directed

verdict presents a question of law, this Court's review is de novo. *Jackovic v. Webb*, 9th Dist. Summit No. 26555, 2013-Ohio-2520, ¶ 6.

{¶18} Mr. DeAngelis testified that his damages included the funds that were garnished from his accounts, the lost capital appreciation and investment income on those funds, attorney fees, and other expenses and taxes he had incurred. He submitted an exhibit indicating that the total amount of his damages was $253,954.56. The Avnys did not impeach him on cross-examination about any of the amounts and did not present any of their own evidence regarding his damages. They did oppose Mr. DeAngelis's motion for a directed verdict, arguing that his alleged damages for lost capital appreciation due to involuntary liquidation and lost trade opportunity due to involuntary liquidation were speculative as well as arguing that his request for attorney fees should go to the jury. The trial court, however, directed a verdict to Mr. DeAngelis on the amount of his damages, concluding that reasonable minds could come to but one conclusion upon the evidence submitted.

{¶19} This Court has held that "[t]he fact that there is no evidence to contradict a witness'[s] testimony does not establish the truthfulness of that testimony." *Howd v. Truett*, 9th Dist. Summit No. 18648, 1998 WL 388989, *2 (July 8, 1998); *Darcy v. Bender*, 68 Ohio App.2d 190, 191 (9th Dist.1981). Mr. DeAngelis's credibility remained "a question for the jury." *Darcy* at 191; *Henderson v. Wertheimer*, 12 Ohio App. 249, 250-251 (1st Dist.1919) ("It is not true in law that a witness must be credited unless directly impeached or contradicted by other witnesses; his manner, the improbability of his story, and his self-contradiction in the several parts of his narrative may justify a court or jury in wholly rejecting his testimony, though he be not attacked in his reputation, nor contradicted by other witnesses."). Just because the Avnys did not attempt to impeach Mr. DeAngelis's testimony as to the amount of his damages and did not present any

of their own evidence on the issue does not mean that the jury had no choice but to accept his evidence as credible. The trial court, therefore, incorrectly directed a verdict as to the amount of Mr. DeAngelis's damages. The Avnys' third assignment of error is sustained with respect to any damage amounts that the Avnys specifically challenged when responding to the motion for directed verdict. In light of our resolution of this assignment of error, the Avnys' first assignment of error, regarding the attorney fees that made up part of the damage award, is moot. Accordingly, it is overruled on that basis.

## III.

**{¶20}** The trial court did not abuse its discretion when it denied the Avnys' motion to disqualify Mr. DeAngelis's attorney. It incorrectly directed a verdict for Mr. DeAngelis, however, as to the amount of his breach of contract damages. The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded for further proceedings.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

---

JENNIFER HENSAL
FOR THE COURT

MOORE, J.
CONCURS.

CARR, J.
DISSENTING.

{¶21} I respectfully dissent from the majority's opinion because I believe that the trial court improperly certified its March 11, 2015 order for immediate appeal. Accordingly, I would conclude that the Civ.R. 54(B) certification was invalid and that the order appealed was not a final order.

{¶22} When certifying a matter under Civ.R. 54(B), "the trial judge makes what is essentially a factual determination—whether an interlocutory appeal is consistent with the interests of sound judicial administration." *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352 (1993), paragraph one of the syllabus. On appeal, appellate courts are tasked with reviewing the certification in light of the record to verify that the interest of sound judicial administration could be served by it. *Id*. at 354-355. In order for a certification to stand, it must be "one route which might lead to" judicial economy. *Id.*

{¶23} Although appellate courts must give deference to the trial court's determination, trial courts are prohibited from "a mechanical application of the Civ.R. 54(B) language." *Wisintainer* at 355. Thus, the presumption of correctness that normally attaches to the trial

court's certification does not apply "where the judgment entry indicates the trial court acted reflexively and employed the language as boilerplate." *Dywidag Sys. Internatl., USA, Inc. v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 10AP-270, 2010-Ohio-3211, ¶ 29.

**{¶24}** Upon review of the certification here, I can find no support to conclude that judicial economy could have been served by an immediate appeal of the March 11, 2015 order. That order entered a directed verdict on claims I and II of Mr. DeAngelis's cross-claim and dismissed his claims against various defendants. It also stated that count III of his cross-claim had been submitted to the jury. Notably, however, when the trial court issued that order, the trial had already ended. The jury had returned verdicts on the counts submitted to it, and Mr. DeAngelis and the Plaintiffs had filed motions to dismiss or waive their remaining counts and issues. Thus, the proceedings had essentially concluded when the trial court issued and certified for immediate appeal an order containing only part of its decision.

**{¶25}** Under these circumstances, I am not persuaded that the certification of the partial judgment could have led to judicial economy. Instead, it essentially guaranteed multiple appeals and increased the risk of piecemeal litigation without providing any offsetting judicial economy benefit. Consequently, I would hold that the Civ.R. 54(B) language was without effect and that the order appealed was not a final order.

APPEARANCES:

THOMAS C. LOEPP, Attorney at Law, for Appellants.

MITCHELL A. STANLEY, Attorney at Law, for Appellants.

ALAN N. HIRTH and PETER TURNER, Attorneys at Law, for Appellees.

GEORGE J. ARGIE, LOU D'AMICO, and DOMINIC J. VITANTONIO, Attorneys at Law, for Appellees.