MITCHELL, ADMX., APPELLEE, ET AL. *v.* CLEVELAND ELECTRIC
ILLUMINATING CO.; CITY OF AVON LAKE, APPELLANT.

[Cite as Mitchell *v.* Cleveland Elec. Illum. Co. (1987),
30 Ohio St. 3d 92.]

(Nos. 86-597 and 86-605—Decided May 6, 1987.)

*Gaines & Stern Co., L.P.A., Michael B. Michelson* and *John V. Scharon,* for appellee.

*Fillo, Ristau & Drain* and *Timothy P. Ristau,* for appellant.

WRIGHT, J. The sole question before this court is whether appellee's opening statement and the allegations of the amended complaint state a cause of action against Avon Lake. We hold that the directed verdict in favor of Avon Lake was not erroneous.

In reaching this conclusion, we are mindful that "[a] trial court should exercise great caution in sustaining a motion for a directed verdict on the opening statement of counsel; it must be clear that all the facts expected to be proved, and those that have been stated, do not constitute a cause of action or a defense, and the statement must be liberally construed in favor of the party against whom the motion has been made." *Brinkmoeller* v. *Wilson* (1975), 41 Ohio St. 2d 223, 70 O.O. 2d 424, 325 N.E. 2d 233, syllabus. See, also, *Archer* v. *Port Clinton* (1966), 6 Ohio St. 2d 74, 35 O.O. 2d 88, 215 N.E. 2d 707. When the court finds that reasonable minds could come to only one conclusion, and that conclusion is adverse to the party against whom the directed verdict is sought, a directed verdict may be issued. See Civ. R. 50(A). These criteria were met in this case.

A duty of care owed to plaintiff by defendant is one of the factors necessary to establish an actionable cause of negligence. *Strunk* v. *Dayton Power & Light Co.* (1983), 6 Ohio St. 3d 429, 431, 6 OBR 473, 475, 453 N.E. 2d 604, 606. "Before the city can be held liable, both pleading and proof must show an obligation due the plaintiff on the part of the city, which has been violated. * * *" *Dering* v. *Cleveland* (1921), 102 Ohio St. 94, 95, 130 N.E. 504. While we have empathy for appellee and the decedents' family, an untimely death alone is not enough to create liability. See *Taylor* v. *Cincinnati* (1944), 143 Ohio St. 426, 430-431, 28 O.O.

---

[1] The trial was continued as to CEI, and the trial court issued a directed verdict in CEI's favor at the conclusion of CEI's case. The court of appeals also reversed the directed verdict as to CEI. CEI appealed to this court separately from Avon Lake, and we declined to take jurisdiction of CEI's appeal. Thus, CEI is not a party to this cause.

369, 371, 55 N.E. 2d 724, 726-727; *Leipsic* v. *Gerdeman* (1903), 68 Ohio St. 1, 67 N.E. 87. Furthermore, "* * * [t]he mere abrogation of [municipal] immunity does not free a plaintiff from establishing the required elements of the alleged tortious conduct. * * *" *Strunk, supra,* at 431, 6 OBR at 476, 453 N.E. 2d at 606. See, also, *Enghauser Mfg. Co.* v. *Eriksson Engineering Ltd.* (1983), 6 Ohio St. 3d 31, 6 OBR 53, 451 N.E. 2d 228.

The first inquiry in a determination of whether Avon Lake owed a duty to the decedents involves the nature of the relationship between the decedents and Avon Lake at the time of the accident. R.C. 1533.181 provides that the owner of a premises owes no duty to a recreational user to keep the premises safe for entry or use. A recreational user is one "to whom permission has been granted, without the payment of a fee or consideration to the owner * * * to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits." R.C. 1533.18. See *Light* v. *Ohio University* (1986), 28 Ohio St. 3d 66, 28 OBR 165, 502 N.E. 2d 611. The statutory immunity granted by R.C. 1533.181 applies to state-owned land and other public land, including metropark districts, to the same extent as private land. *Marrek* v. *Cleveland Metroparks Bd. of Commrs.* (1984), 9 Ohio St. 3d 194, 9 OBR 508, 459 N.E. 2d 873; *Moss* v. *Dept. of Natural Resources* (1980), 62 Ohio St. 2d 138, 16 O.O. 3d 161, 404 N.E. 2d 742; *McCord* v. *Division of Parks & Recreation* (1978), 54 Ohio St. 2d 72, 8 O.O. 3d 77, 375 N.E. 2d 50.

It is undisputed that appellee's decedents were gratuitous users of the Miller Road Park and were using the premises to fish, a recreational pursuit. Consequently, the decedents were recreational users of the park and Avon Lake, as owner of the park, had no duty pursuant to R.C. 1533.181 to keep the premises safe for their entry and use. However, appellee argues that this statutory immunity provided by R.C. 1533.181 is not applicable since the drownings occurred beyond the park's boundaries. Thus, it appears that appellee is suggesting that Avon Lake owes a greater duty to protect users of its property from dangers that are on adjoining property than it has to protect them from conditions on its property. This is certainly a novel proposition of law.

"* * * [L]iability in tort is an incident to occupation or control. *Berkowitz* v. *Winston* [1934], 128 Ohio St., 611, 193 N.E., 343; *Ripple* v. *Mahoning National Bank* [1944], 143 Ohio St., 614, 56 N.E. (2d), 289." *Cooper* v. *Roose* (1949), 151 Ohio St. 316, 317, 39 O.O. 145, 146, 85 N.E. 2d 545, 546. "* * * The control necessary as the basis for tort liability implies the power and the right to admit people to the premises and to exclude people from it, and involves a substantial exercise of that right and power. * * *" *Wills* v. *Frank Hoover Supply* (1986), 26 Ohio St. 3d 186, 188, 26 OBR 160, 162, 497 N.E. 2d 1118, 1120.

The drownings occurred in Lake Erie. The waters of Lake Erie belong to the state of Ohio, and it is undisputed that Avon Lake's territorial limits extend only to the low water line of Lake Erie. See R.C. 123.03. Yet, ap-

pellee asserts that Avon Lake had a duty to warn people who were lawfully in the park and to erect fences to protect them from dangers outside the park. Appellee further suggests that such a duty is created by R.C. 723.01 which provides that "* * * [municipal corporations] shall have the care, supervision, and control of public highways, streets, avenues, alleys, sidewalks, public grounds, * * * and shall cause them to be kept open, in repair, and free from nuisance."

It is clear that R.C. 723.01 does require the municipality to keep the *premises* of the park "open, in repair, and free from nuisance," but it does not speak of a duty extending beyond the park boundaries. This court has never read R.C. 723.01 to extend its protection beyond the territorial limits of the specified areas. Earlier this term, in *Ruwe* v. *Bd. of Springfield Twp. Trustees* (1987), 29 Ohio St. 3d 59, 29 OBR 441, 505 N.E. 2d 957, we held that a municipality cannot be charged with constructive notice of a nuisance while it exists outside the corporate limits of the municipality. Similarly, in *Strunk, supra,* we held that a municipality's duty to keep its streets "open, in repair, and free from nuisance" extended only as far as the berm and not to a light pole located adjacent to the berm. See, also, *Lovick* v. *Marion* (1975), 43 Ohio St. 2d 171, 72 O.O. 2d 95, 331 N.E. 2d 445. Therefore, we must decline to extend Avon Lake's duty to the decedents beyond the corporate limits or control of the municipality, and hold that R.C. 723.01 does not create a duty requiring a municipality to protect individuals from or warn them of dangers existing on property which is beyond its corporate limits or control.

Appellee further argues that because the CEI generating plant itself is located in Avon Lake, the municipality was under a duty to abate what she characterizes as a nuisance — namely, the undertow created by the intake and discharge of water from the generating facility. However, no legislative or judicial body to-date has declared the CEI generating plant to be a nuisance. A municipality's determination that a specific entity constitutes or does not constitute a nuisance is a basic policy decision requiring a high degree of official judgment or discretion, and the municipality is immune from tort liability for making or failing to make such a determination. See *Mansfield* v. *Bristor* (1907), 76 Ohio St. 270, 81 N.E. 631, paragraph three of the syllabus. While municipal tort immunity was abolished as to the implementation or execution of governmental policy, municipalities continue to retain immunity from tort liability "* * * for those acts or omissions involving the exercise of a legislative or judicial function or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion. * * *" *Enghauser, supra,* at paragraph two of the syllabus. See, also, *Zents* v. *Bd. of Commrs.* (1984), 9 Ohio St. 3d 204, 9 OBR 516, 459 N.E. 2d 881; *Wilson* v. *Neu* (1984), 12 Ohio St. 3d 102, 12 OBR 147, 456 N.E. 2d 854.

Furthermore, appellee's reliance on R.C. 715.44, which provides that a

municipal corporation may abate any nuisance, is misplaced. R.C. 715.44 does not affect the nature of the municipality's decision as to whether an entity should be declared a nuisance, and it certainly does not require the city to declare any specific entity a nuisance. The statute does not even require a municipality to abate previously identified nuisances. The use of the word "may" simply gives municipalities authority to abate an identified nuisance. It does not create a duty requiring them to do so.[2] A statute conferring municipal power does not, in and of itself, render the municipal corporation liable for the failure to exercise such power. *Western College* v. *Cleveland* (1861), 12 Ohio St. 375; *Bell* v. *Cincinnati* (1909), 80 Ohio St. 1, 88 N.E. 128. Consequently, R.C. 715.44 does not create liability for a municipality where such liability does not otherwise exist.

For the foregoing reasons we reverse the decision of the court of appeals and reinstate the directed verdict of the trial court in favor of Avon Lake and against appellee.

*Judgment reversed.*

MOYER, C.J., COOK and H. BROWN, JJ., concur.

SWEENEY, MARKUS and DOUGLAS, JJ., dissent.

COOK, J., of the Eleventh Appellate District, sitting for LOCHER, J.

MARKUS, J., of the Eighth Appellate District, sitting for HOLMES, J.

SWEENEY, J., dissenting. In my view, the allegations contained in plaintiff's complaint and opening statement set forth a justiciable cause of action in negligence against the city sufficient to overcome a directed verdict motion. Therefore, I must dissent from the majority's decision stating otherwise.

The majority correctly exposits the standard for reviewing a successful directed verdict motion. See *Brinkmoeller* v. *Wilson* (1975), 41 Ohio St. 2d 223, 70 O.O. 2d 424, 325 N.E. 2d 233. However, the majority seriously errs in upholding the instant directed verdict motion in light of the allegations set forth in plaintiff's complaint. In her complaint, plaintiff alleged, *inter alia,* that the city of Avon Lake was negligent in permitting people to use public land to access the fishing area behind the plant

---

[2] *Dorrian* v. *Scioto Conserv. Dist.* (1971), 27 Ohio St. 2d 102, 56 O.O. 2d 58, 271 N.E. 2d 834, paragraph one of the syllabus, held that "[i]n statutory construction, the word 'may' shall be construed as permissive and the word 'shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage."

without warning them of the dangerous current. The complaint also alleged that the city aided and abetted the creation and maintenance of a nuisance. In applying the *Brinkmoeller* standard to these allegations, I believe that plaintiff has clearly stated a cause of action that sufficiently overcomes the motion for a directed verdict.

The fundamental problem with the majority's opinion is that it proceeds under the mistaken assumption that an affirmance of the court of appeals' decision will automatically impose liability upon the city. This conclusion is evidenced by the majority's statement that "[w]hile we have empathy for appellee and the decedents' family, an untimely death alone is not enough to create liability." By this assertion, the majority totally misconstrues the procedural posture of the instant cause. At this juncture in the proceedings there has been no finding or decision from either of the courts below that the city of Avon Lake is liable for the injuries alleged by plaintiff. However, given the majority's sweeping pronouncements with respect to the allegations herein, the plaintiff unfortunately has obtained an adjudication on the merits of her claims, not from the trial court, but from this tribunal. Surely a modicum of judicial restraint is called for in this situation in order to allow both parties the opportunity to present evidence concerning the claims lodged by the plaintiff.

Based on the allegations set forth in the instant complaint, I believe the question is open as to whether the city is or is not protected by some remaining form of sovereign immunity. Nevertheless, I am sure that the trial court's and majority's reliance on *Mansfield* v. *Bristor* (1907), 76 Ohio St. 270, 81 N.E. 631, is, as the court of appeals stated, "of questionable validity," since that cause was decided long before this court abrogated the doctrine of sovereign immunity in all but a few situations. In addition, *Mansfield* v. *Bristor, supra,* rests its determination on the governmental-proprietary distinction that this court specifically rejected in *Haverlack* v. *Portage Homes, Inc.* (1982), 2 Ohio St. 3d 26, 2 OBR 572, 442 N.E. 2d 749. See, also, *O'Brien* v. *Egelhoff* (1984), 9 Ohio St. 3d 209, 9 OBR 520, 459 N.E. 2d 886.

Other aspects of the majority opinion are equally troublesome. The majority's discussion of the "recreational user" statutes is overreaching, inasmuch as this argument or defense was rejected by the trial court and was not preserved on appeal before the appellate court below. Given such circumstances, the "recreational user" argument is not properly before this court and should not have been broached by the majority herein.

Likewise, the majority's unwarranted finding of no duty owed by the city to abate the alleged nuisance goes beyond the scope of the issues presented for our consideration. A careful review of plaintiff's complaint and opening statement indicates an allegation of knowledge on the part of the city of the existence of a dangerous current which presented a threat to members of the public, as well as an allegation that the city had the ability to abate the purported nuisance (under R.C. 715.44). Had the trial

court and the majority herein exercised the great caution required in reviewing the motion for a directed verdict, along with liberal construction of the opening statement in favor of the party against whom the motion was made, *Brinkmoeller, supra,* there would be no question that the complaint and opening statement were sufficient to overcome the directed verdict motion.

Lastly, I take exception to the majority's reasoning that the city is blameless as a matter of law because the accident took place in the lake which is not controlled by the city. The simple fact remains that the city of Avon Lake has authority over the Cleveland Electric Illuminating plant that is located within its territorial borders. Since the plant is the entity alleged to have created the nuisance, arguably the city would have the power to abate the nuisance or warn the public of such an alleged nuisance. In this vein, the majority's first syllabus paragraph is much too broad a proposition for this court to sanction. Under the majority's reasoning, if the lake contained a high level of radioactive waste or a dangerous level of toxic chemicals, the city would have no duty to warn its citizens of such dangers, even if the city operated a public beach on the lake, because the danger is located outside the city's "corporate limits or control." In view of such a potentiality, it is regrettable that the majority would embrace such an ill-advised standard.

Based on the foregoing, I would affirm the court of appeals' reversal of the directed verdict granted in favor of the city, and allow the cause to proceed to a trial on the merits.

MARKUS and DOUGLAS, JJ., concur in the foregoing dissenting opinion.