TOWNSEND, Appellee,

v.

MAYFIELD, Admr., Appellant, et al.

[Cite as *Townsend v. Mayfield* (1992), 82 Ohio App.3d 457.]

Court of Appeals of Ohio,
Washington County.

No. 91 CA 28.

Decided Sept. 9, 1992.

458

*James C. Ayers Law Office* and *Jeff Decile,* for appellee.

*Lee Fisher,* Attorney General, and *Yolanda L. Barnes,* Assistant Attorney General, for appellant.

---

GREY, Judge.

This is an appeal from a jury verdict of the Washington County Court of Common Pleas finding Timothy Townsend entitled to participate in the Workers' Compensation Fund.  We affirm.

The record reveals the following facts.  Townsend was a route coordinator for Coin Vending Machine.  His responsibilities included servicing and filling various vending machines on his route.  He also installed machines at new customer locations.

On February 17, 1987, Townsend was returning from servicing a major high school account when he saw a motorist stranded along the road.  Following his employer's policy, Townsend stopped to assist the motorist.  Townsend went to his van to get a five-gallon gas can.  Upon lifting the can, Townsend became dizzy and could not stand.

Townsend was later diagnosed as having had a rupture of an arteriovenous malformation. Surgery was performed to remove that malformation.

Townsend filed a claim with the Bureau of Workers' Compensation alleging that he suffered an injury in the course of and arising out of his employment and was, therefore, entitled to participate in the Workers' Compensation Fund.

Townsend's claim was denied at all administrative levels on the grounds that he had not suffered an injury in the course of and arising out of his employment. Townsend appealed to the Washington County Court of Common Pleas pursuant to R.C. 4123.519. The trial court tried the matter *de novo* pursuant to that statute. Appellant, the Administrator of the Bureau of Workers' compensation ("Administrator"), filed a motion for summary judgment, which was denied by the trial court.

At trial Townsend presented evidence from Dr. Sekhar who testified that Townsend had a pre-existing arteriovenous malformation ("AVM"). He further testified that this malformation can cause a rupture of a blood vessel in the brain at any time and that such ruptures are usually precipitated by stressing or straining the body. Sekhar concluded that Townsend's attempt to lift the five-gallon gas can caused the rupture.

Townsend's employer, Thomas Miller, testified that it was company policy to help stranded motorists and that Townsend, as his employee, was obligated to do so. At the close of Townsend's evidence, the Administrator moved for a directed verdict. The court overruled that motion.

The Administrator presented evidence from Dr. Steiman who testified that Townsend's AVM was a congenital condition. Steiman further stated that Townsend's work activity had no relationship to the rupture of the AVM.

At the conclusion of the Administrator's case, Townsend moved for a directed verdict. The trial court granted a directed verdict to Townsend on the issue of whether the injury occurred during the course of his employment, finding that it did. The jury found that Townsend was entitled to participate in the Workers' Compensation Fund. The Administrator appeals and assigns two errors.

First Assignment of Error

"The trial court erred in denying appellant's motion for summary judgment and for directed verdict that appellee is not entitled to participate in the Ohio Workers' Compensation Fund."

The Administrator asserts that the trial court erred in not granting his motion for summary judgment. We disagree.

Before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. See *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

■ A review of the record below indicates that, from the pleadings, depositions and all other filings, there were issues of fact to be decided by the jury. Specifically at issue was whether Townsend's injury was sustained during the course of his employment and whether he was entitled to participate in the Workers' Compensation Fund. The Administrator did not meet the criteria set forth in *Van Fossen* and *Temple, supra.* The trial court did not err by failing to grant the Administrator's motion for summary judgment.

The Administrator also asserts that the trial court erred in failing to grant his motion for directed verdict at the close of Townsend's evidence. Again, we disagree.

At the close of Townsend's case, the Administrator requested a directed verdict on the grounds that Townsend had not met his burden to prove that he was within the scope of his employment at the time the AVM rupture occurred. The Administrator asserted that he was entitled to a directed verdict as a matter of law.

■ When the court finds that reasonable minds could come to only one conclusion, and that conclusion is adverse to the party against whom the directed verdict is sought, a directed verdict may be issued. *Mitchell v. Cleveland Elec. Illum. Co.* (1987), 30 Ohio St.3d 92, 30 OBR 295, 507 N.E.2d 352; Civ.R. 50(A)(4). In reviewing the evidence presented, the court determined that reasonable minds could differ on the issue of whether Townsend's injury was within the scope of his employment and whether he was entitled to participate in the Workers' Compensation Fund. Thus, the court correctly determined that the Administrator was not entitled to a directed verdict as a matter of law. The Administrator's first assignment of error is not well taken and is overruled.

Second Assignment of Error

"The judgment of the trial court and verdict of the jury were against the manifest weight of the evidence as appellee failed to prove by a preponder-

ance of the evidence that he sustained a compensable workers' compensation injury on February 17, 1987."

The Administrator asserts that Townsend did not present enough evidence to prove that the injury he sustained occurred within the scope of his employment, thereby making him entitled to participate in the Workers' Compensation Fund.

Appellant Administrator argues strongly that the testimony of Dr. Steiman can be construed only to hold that this injury did not arise out of the course and scope of Townsend's employment. Basically, the Administrator argues that appellee's condition was congenital and that the vein could have burst at any time. Thus, Townsend did not sustain an injury which arose out of his employment, but, merely, one which coincidentally happened while Townsend was working.

This argument confuses foreknowledge with cause. Knowledge that something is likely to happen does not cause it to happen. If Townsend had played a strenuous game of tennis just before the vein burst, one would say that the injury arose out of the course and scope of the tennis playing, *i.e.*, that it was *caused* by the tennis playing.

Every working person in Ohio is congenitally subject to certain limits in strength and stress, but, for most conditions, medical science cannot predict when these limits will be exceeded and result in injury. Doctors have a far greater knowledge about people with venous malformations, whose condition is much more predictable, but that knowledge is not causal. As medical knowledge increases, other conditions and injuries will become more predictable. The Administrator's position here is that as work-related injuries become predictable, they become noncompensable under R.C. Chapter 4123.

This is not what the legislature intended when it defined "injury" in R.C. 4123.01(C) as "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment."

We would add a parenthetical comment on the Administrator's argument in light of the recently enacted Americans with Disabilities Act, which prohibits discrimination in employment against persons with disabilities. An employee with a disability may be injured on the job. Will it be argued that when a disabled employee is injured while working, the cause of his injury arose out of his disability because it is likely to have happened? For example, an employee who walks on a prosthetic leg might slip on a wet floor like anyone else. Will compensation be denied on the grounds that the injury arose out of the prosthetic leg and not the wet floor? We do not believe such a policy would pass muster.

■ The arguments advanced by the Administrator in support of this assignment of error are wholly untenable. Townsend presented expert medical testimony from Dr. Sekhar, who stated that even though the AVM was a pre-existing, congenital condition and could have ruptured at any time, the AVM rupture on February 17, 1987 was caused when Townsend lifted the gasoline can in an attempt to help a stranded motorist. Townsend also presented testimony from his employer, who stated that helping stranded motorists was expected of all Coin Vending Machine employees.

■ Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *Vogel v. Wells* (1991), 57 Ohio St.3d 91, 566 N.E.2d 154; *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273. The testimony of Dr. Sekhar, Townsend's employer and his co-worker supplied competent, credible evidence which went to all the essential elements of Townsend's claim. There was no error. The Administrator's second assignment of error is not well taken and is overruled.

*Judgment affirmed.*

HARSHA and PETER B. ABELE, JJ., concur.