Plaintiff-appellant, Pauline R. Kareth, administratrix of the estate of Beth Ann Kareth ("the decedent"), appeals from a decision of the Clermont County Court of Common Pleas dismissing a complaint against defendants-appellees, Clermont County Board of Commissioners ("Commissioners"). We affirm.
On March 5, 1993, the decedent was killed as a result of a single car accident on State Route 133 in Williamsburg Township, Clermont County, Ohio. The decedent was killed when her automobile went off the west side of State Route 133 while she was proceeding down a hill and struck an embankment. A "T" intersection of State Route 133 and Twin Bridges Road, a county road, was located near the accident scene.
On March 6, 1995, appellant filed a complaint with claims against the Commissioners and the director of the Ohio Department of Transportation ("ODOT"). On May 3, 1995, appellant voluntarily dismissed her claim against ODOT. On January 16, 1996, appellant voluntarily dismissed her claim against the Commissioners.
Appellant subsequently filed an amended complaint against ODOT in the Ohio Court of Claims. On February 21, 1996, appellant also filed an amended complaint against the Commissioners in the Clermont County Court of Common Pleas. On January 15, 1997, appellant filed a second amended complaint against the Commissioners. The second amended complaint alleged that as a result of the Commissioners negligence and failure to keep Twin Bridges Road in repair and free from nuisance, surface water drained onto or flowed across State Route 133 thereby creating a hazardous condition that proximately caused the decedent's accident.
The Commissioners filed an answer to the second amended complaint on February 28, 1997. On April 4, 1997, the Commissioners filed a Civ.R. 12(C) motion for judgment on the pleadings. On December 29, 1997, the trial court issued a decision finding that the Commissioners were immune from liability and granting the Commissioners' motion for judgment on the pleadings. On appeal, appellant assigns a single assignment of error, asserting that the trial court erred by granting the Commissioners' motion for judgment on the pleadings.
A motion for judgment on the pleadings pursuant to Civ.R. 12(C) only raises questions of law that must be determined by consideration of the pleadings. State ex rel. Midwest Pride IV, Inc. v. Pontious (1996), 75 Ohio St.3d 565, 569-570. "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." Id. at 570, citing Lin v. Gatehouse Constr. Co. (1992), 84 Ohio App.3d 96, 99. Thus, a motion for judgment on the pleadings should only be granted if a court reviews the pleadings and finds that no material issues of fact exist and that the moving party is entitled to judgment as a matter of law. Id., citing Burnside v. Leimbach (1991), 71 Ohio App.3d 399,403.
R.C. Chapter 2744, the Political Subdivision Tort Liability Act, was enacted in response to the judicial abolishment of the doctrine of sovereign immunity. R.C. 2744.02(A)(1) provides that a political subdivision is generally immune from tort liability for injury, death, or loss to persons or property incurred in connection with the performance of a governmental or proprietary function of the political subdivision. R.C. 2744.02(B) lists several exceptions to this general grant of immunity for political subdivisions. Appellant claims that R.C. 2744.02(B)(3) and R.C. 2744.02(B)(5) are applicable to the present case. Former R.C. 2744.02(B)[1] provided:
 (3) Political subdivisions are liable for injury, death, or loss to persons or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, * * * or public grounds within the political subdivisions open, in repair, and free from nuisance, * * *.
 (5) * * * [A] political subdivision is liable for injury, death, or loss to persons or property when liability is expressly imposed upon the political subdivision by a section of the Revised Code, * * *. Liability shall not be construed to exist under another section of the Revised Code merely because a responsibility is imposed upon a political subdivision or because of a general authorization that a political subdivision may sue and be sued.
Appellant first asserts that the Commissioners are not immune from liability because the exception contained in R.C.2744.02(B)-(3) is applicable. Appellant's complaint alleged that the Commissioners failed to keep Twin Bridges Road and the drainage area of the county road "open, in repair and free from nuisance." The complaint further alleged that the Commissioners' failure to keep Twin Bridges Road "open, in repair and free from nuisance" resulted in surface water draining onto State Route 133 thereby creating a hazardous condition that proximately caused the decedent's accident.
The Supreme Court of Ohio has "refused to extend a political subdivision's liability to areas outside its territorial limits" reasoning that the political subdivision lacks possession and control of such areas. Simpson v. Big Bear Stores, Co. (1995),73 Ohio St.3d 130, 133, citing Ruwe v. Bd. of Springfield Twp. Trustees (1987), 29 Ohio St.3d 59; Mitchell v. Cleveland Elec. Illum. Co. (1987), 30 Ohio St.3d 92. In Mitchell, a wrongful death action was brought against a municipality after a father and son drowned in Lake Erie. Mitchell at 92. The drownings occurred in an area where an electrical generating plant, which was located within the municipality, discharged heated water into Lake Erie. Id. The heated water caused an undertow which was the apparent cause of the drownings. Id. Although Lake Erie belonged to the state of Ohio and was beyond the territorial limits of the municipality, the plaintiffs argued that the municipality had a duty to abate the nuisance since the source of the nuisance, the generating plant, was located within the municipality. Id. at 93. The plaintiffs argued that this duty was created by R.C. 723.01, which provided that a municipality shall keep public grounds "open, in repair, and free from nuisance."[2] Id. at 95. The Supreme Court of Ohio rejected this argument and held that "R.C.723.01 does not create a duty requiring a municipality to protect individuals from, or warn them of, dangers existing on property which is beyond its corporate limits or control." Id. at paragraph one of the syllabus.
In the present case, it is undisputed that the decedent's accident occurred on a state highway, State Route 133. Further, the second amended complaint alleged that the decedent's accident was proximately caused by a hazardous condition or nuisance, an accumulation of surface water, that was located on the state highway. ODOT has a duty to maintain and repair state highways. White v. Ohio Dept. of Transportation (1990), 56 Ohio St.3d 39,42, citing R.C. 5535.01(A), 5535.08. However, since a county does not have any control over state highways, the Commissioners do not have a duty under R.C. 2744.02(B)(3) to repair or protect others from a nuisance that exists on a state highway regardless of where the source of the nuisance is located. See Mitchell at paragraph one of the syllabus; Carney v. McAfee (1988), 35 Ohio St.3d 52, syllabus. Accordingly, we find that the exception to immunity contained in R.C. 2744.02(B)(3) is inapplicable.
Appellant also asserts that the Commissioners are not immune from liability because the exception to immunity contained in R.C. 2744.02(B)(5) is applicable. R.C. 2744.02(B)(5) provides an exception to immunity where liability is expressly imposed upon a political subdivision by a section of the Revised Code. However, R.C. 2744.02(B)(5) also provides that "[l]iability shall not be construed to exist under another section of the Revised Code merely because a responsibility is imposed upon a political subdivision or because of a general authorization that a political subdivision may sue and be sued."
Appellant argues that R.C. 305.12 expressly imposes liability upon the Commissioners. R.C. 305.12 provides:
 The board of county commissioners may sue and be sued * * * in any court. It may bring, maintain, and defend suits involving an injury to any public, state, or county road, bridge, ditch, drain, or watercourse in the county with respect to which the county has the primary responsibility to keep in proper repair, and for the prevention of injury to them. * * *
R.C. 305.12 does not expressly impose liability upon the Commissioners. Rather, R.C. 305.12 merely imposes a responsibility upon a board of county commissioners and contains a general authorization for county commissioners to sue and be sued. See Ramby v. Ping (Apr. 5, 1996), Greene App. No. 95-CA-92, unreported. Moreover, even if R.C. 305.12 was construed as expressly imposing liability, R.C. 305.12 would not be applicable to the present case since the Commissioners did not have the primary responsibility to keep State Route 133 in repair. See R.C. 5535.01(A), 5535.08. Finally, although appellant cites several other sections of the Revised Code, these sections also fail to expressly impose liability upon the Commissioners for a hazardous condition or nuisance on a state highway. See Kniskern v. Somerford (1996), 112 Ohio App.3d 189, 198. Accordingly, we find that the exception to immunity contained in R.C.2744.02(B)(5) is also inapplicable.
Based upon the foregoing, we conclude that the Commissioners were immune from liability and entitled to judgment as a matter of law. Therefore, the trial court properly granted the Commissioners' motion for judgment on the pleadings and appellant's sole assignment of error is overruled.
Judgment affirmed.
WALSH, J., concurs.
KOEHLER, J., dissenting.
[1] Although R.C. 2744.02(B) has been amended, our decision is governed by the former version of R.C. 2744.02(B), which was in effect at the time of the decedent's accident. See Williamson v. Pavlovich (1989), 45 Ohio St.3d 179, 194, fn. 4.
[2] Case law interpreting R.C. 723.01 has been utilized by the Supreme Court of Ohio to construe a political subdivision's duties under R.C. 2744.02(B)(3). See Manufacturer's Natl. Bank of Detroit v. Erie Cty. Road Comm. (1992), 63 Ohio St.3d 318, 321.