Plaintiff-appellant Brian Grace appeals from the trial court's order directing a verdict in favor of defendant-appellee Ganley Westside Imports, Inc. arising out of plaintiff's claim for breach of warranty in the purchase of a BMW automobile. Plaintiff contends he produced sufficient evidence to avoid a directed verdict. For the reasons hereinafter stated, we find no error and affirm the judgment below.
On or about October 3, 1990, plaintiff purchased what he thought was a new 1990 BMW M.3 from defendant Ganley for $27,500. When Grace went to pick up the car, Ganley's general manager advised Grace that the car had been "dinged" in transit. He pointed out to Grace that some of the paint was flaking off its bumper. At Grace's request, the general manager then noted on the purchase agreement "damage in excess of $300.00 on vehicle was repaired. Body work is guaranteed." Based on this representation, plaintiff followed through with his purchase of the car.
Over the course of time, the paint on the car's bumper, hood and front quarter panels was redone several times, each time at Ganley's expense. However, plaintiff was never satisfied with the work and testified that the paint had runs, cracks, was put on over bugs (i.e., insects) and was oversprayed onto engine parts.
Plaintiff also had problems with the car's brakes and electrical systems which were repaired apparently to his satisfaction. During these various trips to the body shop, plaintiff testified that the bumper was improperly refitted to the car and several of the fastening points of the bumper were broken off, adversely affecting the stability of the bumper. On plaintiff's fourth trip to the body shop located behind Ganley's dealership, he was told "Go get an attorney," i.e., no further attempts at corrections would be made.
Once suit was commenced, plaintiff learned that the car had actually been hit while sitting on the lot by a driver who was rear ended on Lorain Avenue and propelled into the lot. As a result, the car had sustained damages in excess of $3,000 to its front end. The true nature and extent of the car's damages were never disclosed to plaintiff prior to his purchase. This evidence by plaintiff was not disputed at trial and on appeal defendant accepted plaintiff's statement of the case and facts.
Plaintiff also brought the car's bumper to court and showed the jury the problems not only with the paint, but also the missing fastener points on the bumper, which caused the bumper to sag. Exhibits admitted into evidence without objection were, among other things: the police report from the accident wherein the car was damaged; several invoices for repairs which had been performed on the car several months before the plaintiff purchased the car; the original October 3, 1990 purchase agreement for the car with the notation "body work is guaranteed"; and a June 22, 1993 estimate obtained by plaintiff, pending litigation, from Taddie's Auto Body, Inc. indicating an estimate of $2,376.59 was required to properly repair the car for Grace; an August 11, 1993 invoice of repairs performed on the car by Ganley.
At the close of plaintiff's case, Ganley moved for a directed verdict claiming that: (1) because Ganley had caused the car to be repainted and repaired, it had not breached its warranty; (2) there was no evidence of misrepresentation or fraud because plaintiff knew that "damage in excess of $300.00 on vehicle was repaired"; and (3) plaintiff failed to provide any evidence of damages.
The trial court granted Ganley's motion for a directed verdict at the end of plaintiff's case holding that: (1) Grace did not properly investigate the nature and extent of the car's previous damage (thereby defeating Grace's fraud claims for lack of justifiable reliance); and (2) plaintiff did not establish that he had been damaged. The trial court did not expressly expound on whether on not Ganley had breached its warranty to plaintiff.
Plaintiff's sole assignment of error states as follows:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED DEFENDANT-APPELLEE'S MOTION FOR DIRECTED VERDICT.
 The test for whether or not to grant a directed verdict was recently set forth by this Court in Avondet v. Blankstein
(1997), 118 Ohio App.3d 357, 364-65:
 In ruling on a directed verdict motion, Civ.R. 50 (A) (4), the court construes the evidence in the light most favorable to the party opposing the motion. Wagner v. Roche Laboratories (1996), 77 Ohio St.3d 116, 119, 671 N.E.2d 252, 255; Mitchell v. Cleveland Elec. Illum. Co. (1987), 30 Ohio St.3d 92, 93, 30 OBR 295, 295-296, 507 N.E.2d 352, 353-354. The judge neither weighs the evidence nor determines the witnesses' credibility. Wagner, supra; Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 284, 21 O.O.3d 177, 178-179, 423 N.E.2d 467, 469. If the court finds that reasonable minds could come to but one conclusion and that conclusion is adverse to the party opposing the motion, the court should direct the verdict. Wagner and Mitchell, supra.
This Court follows the same test in reviewing the trial court's action on a directed verdict and we are not required to give any deference to the trial court's action. As stated by the Ohio Supreme Court in Strother v. Hutchinson (1981), 67 Ohio St.2d 282,284-285:
 A motion for directed verdict * * * does not present factual issues, but a question of law, even though in deciding such a motion, it is necessary to review and consider the evidence. (Citations omitted). When a motion for directed verdict is entered, what is being tested is a question of law; that is, the legal sufficiency of the evidence to take the case to the jury. This does not involve weighing the evidence or trying the credibility of the witnesses.
We find that there is a genuine issue of fact regarding the defendant's liability in breaching the warranty on the repair of the car, which it expressly guaranteed, as evidence was presented at trial indicating the defendant was unable to satisfactorily perform the work it guaranteed. We, however, agree with the trial court's action in directing a verdict on the breach of warranty claim, as the plaintiff failed to present evidence of damages associated with this breach. Pursuant to R.C.1302.88(B):
 (B) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.
Plaintiff presented absolutely no evidence regarding what the difference in the value of the car was at the time and place of the acceptance compared to its represented value. This valuation is to be "determined as of the date and place of its sale."Eckstein v. Cumrnins (1974), 41 Ohio App.2d 1, 16. The plaintiff's estimate of repair post-dated the purchase date by almost three years.
We recognize that "while R.C. 1302.88(B) describes the usual, standard and reasonable method of ascertaining damages in the case of breach of warranty, it is not intended as an exclusive measure." General Motors Acceptance Corp. v. Grady (1985),27 Ohio App.3d 321, 325, citing Official Comment 3 to R.C. 1302.88. As the court in General Motors, surpa, held:
 The measure of damages for breach of warranty need not be limited to the difference between the value of the goods accepted and the value they would have had if they had been as warranted. Any loss resulting from the breach may be recovered and may be determined "in any manner which is reasonable." [R.C. 1302.88(A).]
However, even if we treat the plaintiff's estimate of repair as evidence of damages, it was not material evidence of a loss. The estimate of repairs from Taddie's Auto Body, Inc. was for $2,376.59. This estimate, however, was dated June 22, 1993, three years after the purchase. At trial it was established that after this estimate was given, the defendant again attempted one more time to repair the vehicle on August 11, 1993. Repairs on this date were done in the amount of $2,800. Although plaintiff testified he was still not pleased with the quality of the work, plaintiff failed to present any evidence of the damages that existed after this final repair. All the repairs done by the defendant were done at no cost to the plaintiff. Without a recent estimate of what. it would cost to complete the final repairs to the plaintiff's satisfaction, or other evidence of the difference in value, plaintiff has failed to offer any proof of damages.
Plaintiff's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, J., and ROCCO, J., CONCUR.
 ___________________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).