DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the Erie County Court of Common Pleas that granted summary judgment in favor of appellee, the city of Huron, Ohio, against appellants. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} This matter arose as a result of the tragic deaths of four people on July 10, 2002. On that date, Matthew Smith, Jehrod Smith, Kyle Kroetz and Steven Cupec *Page 2 
were at Nickel Plate Beach in the city of Huron when another individual, Amy Anderson, screamed for help from the water. The decedents entered the water and attempted to rescue Anderson. Despite their valiant efforts, each of these heroic young men lost their lives in their bid to save Anderson's life. In July 2004, appellants filed a wrongful death and survivorship action, seeking recovery for the drowning deaths of their decedents from the city of Huron and several John Does as persons or entities who control or manage the beach and waters of the city. Appellants alleged various instances of negligence, claiming that appellee city of Huron failed to maintain the swimming area which it owned, maintained and/or controlled, in a safe manner and failed to warn the general public of hazardous defects on the premises. The complaint also contained allegations that appellee maintained and/or aided and abetted the creation of a nuisance at the beach and in the water; that appellants reasonably relied upon representations that the beach and waters were safe, and that appellee voluntarily assumed a duty of controlling and maintaining the waters adjacent to the beach.
 {¶ 3} On May 12, 2006, appellee city of Huron filed a motion for summary judgment arguing that it was entitled to immunity as a political subdivision pursuant to R.C. Chapter 2744; that it was not liable to the plaintiffs because it had satisfied the requirements of Ohio's recreational user statute as set forth in R.C. 1533.181; that the decedents engaged in recreational pursuit prior to their deaths and that the rescue doctrine did not apply; that the decedents assumed the risk by voluntarily exposing themselves to the waters of Lake Erie even though they were warned of the dangerous conditions; and that it owed plaintiffs no duty because the deaths occurred outside the territorial *Page 3 
jurisdiction of the city. The trial court granted appellee's motion for summary judgment on April 8, 2007.
 {¶ 4} On appeal, appellants set forth the following assignments of error:
 {¶ 5} "Assignment of Error No. 1
 {¶ 6} "The trial court erred in granting summary judgment to the City of Huron on the basis it is immune from liability under R.C. Chap. 2744, Ohio's Political Subdivision Tort Liability Act.
 {¶ 7} "Assignment of Error No. 2
 {¶ 8} "The trial court erred in granting summary judgment to the City of Huron on the grounds it was immune from liability under Ohio's recreational user statute, R.C. 1533.181.
 {¶ 9} "Assignment of Error No. 3
 {¶ 10} "The trial court erred in granting summary judgment to the City of Huron on the grounds that, as a matter of law, appellants' decedents `assumed the risk of death and were comparatively negligent by being aware of the substantial risk.'
 {¶ 11} "Assignment of Error No. 4
 {¶ 12} "The trial court erred in granting summary judgment to the City of Huron because such grant is precluded by the Rescue Doctrine."
 {¶ 13} In their first assignment of error, appellants assert that the trial court erred by granting summary judgment on the basis of immunity under R.C. Chapter 2744, Ohio's Political Subdivision Tort Liability Act, for two reasons: first, because reasonable minds could conclude that the city controlled the waters off Nickel Plate Beach and those *Page 4 
waters constituted a nuisance pursuant to R.C. 2744.02(B)(3); and secondly, because the discretionary defense set forth in R.C.2744.03(A)(5) does not provide immunity where the alleged negligent act constitutes a nuisance.
 {¶ 14} An appellate court must employ a de novo standard of review of the trial court's summary judgment decision, applying the same standard used by the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129; Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 15} R.C. 2744.02(A)(1) confers sovereign immunity from civil liability upon political subdivisions "for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." The parties in the case before us do not dispute that the city of Huron is a political subdivision or that the operation of the park at Nickel Plate Beach is a governmental function.
 {¶ 16} R.C. 2744.02(B) sets forth five exceptions to the immunity granted to political subdivisions. Under certain situations, a political subdivision can be held liable for damages in a civil suit arising from injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or its employees in connection with a governmental or proprietary function. However, as explained below, *Page 5 
upon review of those exceptions, we find that none are applicable to the circumstances in this case.
 {¶ 17} Appellants contend that appellee is liable under the exception set forth in R.C. 2744.02(B)(3), which provides that a political subdivision can be held liable for damages in a civil suit arising from injury, death, or loss to persons or property caused by its failure to keep the public grounds within their political subdivision open, in repair, and free from nuisance. [Emphasis added.] Appellants' argument in support of an exception to immunity is based on the premise that Nickel Plate Beach and the waters of Lake Erie adjacent to the shoreline are public grounds within the city of Huron.
 {¶ 18} Several Ohio courts have found that a political subdivision is not liable for deaths occurring in Lake Erie. In Mitchell v. ClevelandElec. Illum. Co. (1987), 30 Ohio St.3d 92, a father and son drowned while fishing in Lake Erie, 100 feet outside the city of Avon Lake, Ohio. The plaintiff in Mitchell alleged that Avon Lake was negligent because it was aware of the dangerous nature of an undertow in the water but failed to take measures to inform the public of the alleged nuisance outside the park. Mitchell held that the owner of a city park was not liable as a matter of law for the drowning of the plaintiffs decedents because the alleged nuisance — the undertow in the waters of Lake Erie — was not created by the city or on city-owned property. Similarly, inNelson v. Board of Park Com'rs of Conneault Tp. Park Dist., 11th Dist. No. 2001A0016, 2001-Ohio-7060, the court held that the political subdivision in that case was not liable for damages arising from a drowning death in Lake Erie. Further, this court, in Wheeler v. PortClinton, (Sept. 16, 1988), 6th Dist. No. OT-88-2, held that the city of Port Clinton, *Page 6 
Ohio, was not liable for injuries suffered by a woman swimming in the waters off of City Beach in Port Clinton. The plaintiff in that case had argued that the city occupied and controlled the waters of Lake Erie adjacent to the beach and therefore owed a duty of care to plaintiff to warn her of hazardous rocks in the water. This court found that the city was not an occupier of Lake Erie and did not own it, and that the plaintiff had failed to show that the city maintained any actual control over Lake Erie itself.
 {¶ 19} Appellants rely on a recent holding of the Ohio Supreme Court that immunity is lost when a political subdivision fails to keep its public grounds free from nuisance and an injury results from that failure. See Sherwin-Williams Co. v. Dayton Freight Lines, Inc.112 Ohio St.3d 52, 2006-Ohio-6498. In Sherwin-Williams, the court held that the village of Lewisburg, Ohio, was liable for injuries that occurred as a result of a nuisance that existed on public grounds within the village despite the fact that the injuries occurred just outside the village. Appellants in the case before us fail to acknowledge, however, thatSherwin-Williams distinguished itself from several of the earlier Ohio cases discussed above wherein injuries occurred, as in this case, in Lake Erie. Sherwin-Williams specifically noted that inMitchell, supra, the victims drowned in Lake Erie, 100 feet outside the city of Avon Lake. The court stated: "* * * [I]n Mitchell, the nuisance at issue was not created by the city or on city-owned property. * * * This court refused [in Mitchell] to impose a duty `requiring a municipality to protect individuals from or warn them of dangers existing on property which is beyond its corporate limits or control.'" *Page 7 
 {¶ 20} Appellants herein argue that the city of Huron controlled the waters where their decedents drowned. They assert that the city exercised control over the area by closing the beach for swimming on the day of the drownings and by setting buoys in the water in an attempt to restrict boating near the beach. Appellants have failed to show, however, that the city of Huron maintained any actual control over Lake Erie itself by placing buoys in the lake or at times posting "no swimming" signs on the beach. The city did not actively keep swimmers from going beyond the buoys or boaters from going inside the marked area; nor did the city take overt actions to prevent swimmers from going in the water when the beach was "closed" due to rough conditions, as it was on July 10, 2002.
 {¶ 21} More importantly, as this court noted in Wheeler, supra, "[t]itle to Lake Erie clearly belongs to the state of Ohio, which holds it in trust for the benefit of the people of Ohio." See R.C. 1506.01. The victims in this case drowned in Lake Erie, not on grounds within Nickel Plate Beach or Huron, Ohio. The city of Huron does not maintain any actual control of Lake Erie.
 {¶ 22} Based on the foregoing, this court finds that there are no material facts in dispute and as a matter of law, the trial court correctly granted summary judgment in favor of appellee. Accordingly, appellants' first assignment of error is not well-taken.
 {¶ 23} Appellants' remaining assignments of error assert additional arguments in support of their claim that the trial court erred by granting summary judgment in appellee's favor. However, based on our finding above that, pursuant to R.C. 2744.02, the city of Huron is immune from liability for the deaths of appellants' decedents, *Page 8 
appellants' second, third and fourth assignments of error are rendered moot and therefore not well-taken.
 {¶ 24} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski P.J., Arlene Singer, J., Thomas J. Osowik, J., concur. *Page 1