[Cite as *Arledge v. Dept. of Adm. Servs.*, 2010-Ohio-5573.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DONALD E. ARLEDGE

    Plaintiff

    v.

DEPARTMENT OF ADMINISTRATIVE SERVICES, et al.

    Defendants
    Case No. 2009-08551-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Donald E. Arledge, filed this action against defendants, Treasurer of the State of Ohio (Treasurer) and Department of Administrative Services (DAS), contending his 1989 Oldsmobile Cutlass Sierra was damaged on October 7, 2009 as a proximate cause of negligence on the part of DAS in maintaining premises located at 1320 Arthur E. Adams Drive in Columbus, Ohio, which houses offices of the Treasurer. In his complaint. plaintiff provided a written description of the specific damage occurrence. Plaintiff related his son, Scott Arledge, drove the Oldsmobile Cutlass Sierra to the Arthur E. Adams Drive address to make a daily delivery and "stopped at the security gate to identify himself." Plaintiff explained the guard at the security gate then "lowered the bollards" at the gate entrance and directed Scott Arledge "to proceed through the gate." Plaintiff noted "at the same time a vehicle was exiting instead of lowering the bollards for that vehicle, he (gate security guard) pushed the wrong button and the bollards under my vehicle were raised causing damage" to the left rear tire, rear bumper, and trunk floor pan. Plaintiff requested damage recovery in the amount of

$942.86, the total cost of replacement parts and repair expenses. The filing fee was paid.

{¶ 2} Defendant, Treasurer, acknowledged the Treasurer "maintains office space in a building at 1320 Arthur E. Adams Drive, Columbus, Ohio" and DAS "manages the property located at" that address. Defendant, Treasurer, explained "DAS had a contract with Goodwill Columbus, wherein Goodwill Columbus was to provide unarmed security services, including employing the guards at the entrance gate" at the Arthur E. Adams Drive address. Defendant, Treasurer, further explained that "[o]n October 7, 2009, Carl Roberts, an employee of Goodwill Columbus, was on duty at the Incident Address and, was operating the security gate at the Incident Address when Plaintiff's vehicle was allegedly damaged." Defendant, Treasurer, specifically denied Carl Roberts was acting as an employee of either the Treasurer or DAS at the time of plaintiff's property damage occurrence. Essentially, defendant, Treasurer, has contended neither DAS nor the Treasurer are proper parties to this action since plaintiff's damage occurred in a location of the particular premises under the exclusive control of an employee of Goodwill Columbus. Defendant, Treasurer, stated "[t]he Treasurer is not an interested, proper or necessary party to this action."

{¶ 3} Defendant, DAS, does not contest the facts of this matter as advanced by plaintiff, However, DAS has specifically denied any liability based on the contention that Goodwill Columbus, by contractual agreement, should be the proper party defendant in this claim. DAS pointed out plaintiff's property damage was admittedly caused by a Goodwill Columbus employee, Carl Roberts, who maintained exclusive control over the mechanism which caused the damage to plaintiff's vehicle. Defendant, DAS, denied any state employee was involved in operating the entrance gate at the Arthur E. Adams Drive address. DAS provided a copy of an "Incident Report" wherein Goodwill Columbus employee, Roberts, produced a handwritten description of the damage incident; admitting he alone caused the damage to plaintiff's vehicle. No evidence has been presented to establish that DAS supervised or in any way directed the employment duties of Roberts.

{¶ 4} Defendant supplied a copy of the contract between DAS and Goodwill Columbus to provide security services at the Arthur E. Adams Drive location. Under

Article IV C. of the contract providing for "Contractor Warranty and Liability Provisions: Indemnity[1]," Goodwill Columbus agreed to indemnify DAS for any damage caused by the negligence of an employee of Goodwill Columbus during the course and scope of employment. DAS asserted any duty owed regarding property protection at the Arthur E. Adams Drive location entrance gate was delegated to Goodwill Columbus. Consequently, DAS denied being the proper party defendant to this action.

{¶ 5} Plaintiff filed a response pointing out he agreed that his property damage was caused solely by an employee of Goodwill Columbus. Plaintiff asserted he was subsequently instructed by an employee of Goodwill Columbus to file his complaint in this court, despite the fact his property damage was not attributable to any conduct of any state employee or entity. Plaintiff advised "[s]ince Goodwill Columbus employs the security guard that raised the bollards which in turn caused the damage to my vehicle, Goodwill Columbus should accept responsibility of fault for this incident and compensate for the repairs."

{¶ 6} Generally, liability in tort is dependant upon occupation or control of the premises. *Mitchell v. Cleveland Electric Illuminating Co.* (1987), 30 Ohio St. 3d 92, 94, 30 OBR 295, 507 N.E. 2d 352. "'The control necessary as the basis for tort liability implies the power and the right to admit people to the premises and to exclude people from it, and involves a substantial exercise of that right and power.'" *Mitchell*, quoting *Wills v. Frank Hoover Supply* (1986), 26 Ohio St. 3d 186, 188, 260 OBR 160, 497 N.E. 2d 1118. The undisputed facts of the instant action show that neither the Treasurer nor DAS had any control over the mechanism or person who damaged plaintiff's vehicle. Consequently, neither DAS nor the Treasurer owed any duty to plaintiff inasmuch as neither party had control over the property upon which the injury occurred. The evidence clearly establishes Goodwill Columbus exercised control over the entrance gate area and by contractual agreement accepted responsibility for property damage attributable to the negligence of its employee.

---

[1] "IV. CONTRACTOR WARRANTY AND LIABILITY PROVISIONS:
"INDEMNITY. The Contractor will indemnify the State for any and all claims, damages, lawsuits, costs, judgments, expenses, and any other liabilities resulting from bodily injury to any person (including injury resulting in death) or damage to property that may arise out of or are related to Contractors performance under this Contract, providing such bodily injury or property damage is due to the negligence of the Contractor, its employees, agents, or subcontractors."

{¶ 7}  R.C. 2743.01(A) provides:

{¶ 8}  "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other state instrumentalities of the state.  'State' does not include political subdivisions."

{¶ 9}  R.C. 2743.02(A)(1) states in pertinent part:

{¶ 10} "(A)(1) The state hereby waives its immunity from liability . . . and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties ***."

{¶ 11} Furthermore, R.C. 2743.03(A)(1) provides in pertinent part:

{¶ 12} "(A)(1) There is hereby created a court of claims.  The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code ***."

{¶ 13} Based on the facts of this claim, plaintiff's action does not lie against the state, but rather a private entity.  Consequently, the court does not have jurisdiction over the party involved and therefore plaintiff's claim is dismissed.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DONALD E. ARLEDGE

    Plaintiff

    v.

STATE TREASURER, et al.

    Defendants

    Case No. 2009-08551-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth above, plaintiff's case is DISMISSED. The court shall absorb the court costs of this case.

 

 

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Donald E. Arledge
99 Kinder Place
Gahanna, Ohio  43230

Darren Shulman
Counsel for the Department
of Administrative Services
30 East Broad Street
Columbus, Ohio  43215

Theresa L. Carter, General Counsel
Treasurer of State Kevin L. Boyce
30 East Broad Street
Columbus, Ohio  43215

RDK/laa
7/7
Filed 7/28/10
Sent to S.C. reporter 11/15/10