[Cite as *Eckert v. Univ. of Cincinnati Bd. of Trustees*, 2011-Ohio-6864.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHARLES ECKERT, III,

     Plaintiff,

     v.

UNIVERSITY OF CINCINNATI
BOARD OF TRUSTEES, et al.,

     Defendants.

Case No. 2008-10951

Judge Clark B. Weaver Sr.

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶1} On September 12, 2011, defendants filed a "motion to dismiss or motion for summary judgment." On September 13, 2011, the court issued an entry construing the motion as one for summary judgment pursuant to Civ.R. 56(B), and setting it for a non-oral hearing. Plaintiff filed a response to the motion on September 26, 2011. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4.

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶4} According to the amended complaint, plaintiff parked his automobile in a parking garage owned by defendants on May 3, 2005, and "[a]t said time and place, as a direct result of [defendants'] failure to maintain said garage, the wooden mechanical arm of the parking garage [gate] came down and struck Plaintiff in the head." (Amended Complaint, ¶4.)

{¶5} In their motion, defendants acknowledge that they own the parking garage, but assert that they owed plaintiff no duty inasmuch as the premises were leased to a third-party.

{¶6} Liability in tort for injuries arising from the defective condition of property is dependent upon occupation or control of the premises. *Mitchell v. Cleveland Elec. Illuminating Co.* (1987), 30 Ohio St.3d 92, 94. That is, in order "to have a duty to keep premises safe for others one must be in possession and control of the premises." *Simpson v. Big Bear Stores Co.*, 73 Ohio St.3d 130, 132, 1995-Ohio-203. "The element of control is required as a predicate to liability because the possessor of the land is thought to be in the best position to diminish dangers to invitees. *Simpson*, supra, at 133. Moreover, the control necessary as the basis for tort liability implies the power and right to admit people to the premises and to exclude people from it, and involves a substantial exercise of that right." *Albright v. Univ. of Toledo* (Sept. 18, 2001), Franklin App. No. 01AP-130.

{¶7} In support of their motion, defendants submitted the affidavit of David F. Schwallie, Assistant Senior Vice President and Director of Risk Management for the University of Cincinnati, who avers that defendants leased the parking garage to the Health Alliance of Greater Cincinnati at all times relevant. In his affidavit, Schwallie authenticates an attached copy of the lease agreement, which provides, in part:

{¶8} "Section 1. Leased Premises.

{¶9} "(a)  UC leases to The Alliance and The Alliance leases from UC * * * a parking garage * * * known generally as the 'Goodman Garage' * * * together with all other rights and easements appurtenant thereto (the 'Leased Premises').

{¶10} "(b) Included within this Lease * * * is The Alliance's Lease of all *gate equipment* * * *.  The Alliance shall have the right to replace any of the foregoing at The Alliance's sole expense, and any such equipment shall, upon termination of this Lease, remain with the Leased Premises and become the property of UC.

{¶11} "* * *

{¶12} "Section 8. Maintenance.

{¶13} "During the term of this Lease, The Alliance, at its sole expense, shall maintain the Leased Premises in good condition and repair and shall make all repairs, replacements, and renewals, whether foreseen or unforeseen, ordinary or extraordinary, interior or exterior, necessary to put or maintain the Leased Premises in that state of repair and condition.  The Alliance's obligations include, but are not limited to * * * repairing * * * *gate booths, machinery, gate arms*, signage, and the like; * * * and, otherwise operating the Leased Premises in the same manner as previously operated by UC. * * *

{¶14} "* * *

{¶15} "Section 18. Quiet Enjoyment.

{¶16} "UC covenants and agrees with The Alliance that The Alliance * * * shall lawfully, peaceably and quietly hold, occupy and enjoy the Leased Premises without any let, hindrance, ejectment or molestation by UC or by any person claiming by, through, or under UC."  (Emphasis added.)

{¶17} Plaintiff presented no evidence in response to defendants' motion.

{¶18} Upon review of the memoranda and supporting materials submitted by the parties, the only reasonable conclusion to draw is that defendants were not in possession and control of the premises upon which plaintiff was allegedly injured.  The lease confers upon the lessee the right to occupy, possess, and control the premises, including "all gate equipment" located thereon, and the lease specifically provides that

the lessee is responsible for maintaining the "gate booths, machinery, [and] gate arms" in "good condition and repair."

{¶19} Based upon the foregoing, the court finds that there are no genuine issues of material fact and that defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is GRANTED and judgment is rendered in favor of defendants. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Brian M. Kneafsey, Jr.
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

John E. Mahin
35 East Seventh Street, Suite 710
Cincinnati, Ohio 45202

Filed November 17, 2011
To S.C. reporter December 30, 2011