[Cite as *Radford v. Natl. Whitetail Deer Edn. Found.*, 2011-Ohio-424.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| LAUREN RADFORD, et al. | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiffs-Appellants | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 10 CA 24 |
| NATIONAL WHITETAIL DEER<br>EDUCATION FOUNDATION | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
Pleas, Case No.  09PI000444


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      January 31, 2011


APPEARANCES:

For Plaintiffs-Appellants            For Defendant-Appellee

JOHN N. PORTER                       CARI FUSCO EVANS
1212 Pearl Road                      FISCHER, EVANS & ROBBINS
Brunswick, Ohio  44212               4505 Stephen Circle, NW, Suite 100
                                     Canton, Ohio  44718

*Wise, J.*

**{¶1}** Plaintiffs-Appellants Lauren Radford and Charles Radford appeal the decision of the Guernsey County Court of Common Pleas,which granted summary judgment in favor of Appellee National Whitetail Deer Education Foundation.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** The relevant facts and procedural history are as follows:

**{¶3}** On August 4, 2007, Appellants Lauren and Charles Radford were attending an annual fundraiser conducted by Appellee National Whitetail Deer Education Foundation known as the Deerassic Classic. This was the third year Appellants had attended the event.

**{¶4}** The event was held outside in a large grassy field and included a weekend of prize drawings, entertainment and vendor displays, as well as food and drink. The area also contained a pavilion with a gravel walkway leading to its entrance in addition to restroom facilities.

**{¶5}** While at the event, Appellant Lauren Radford stepped into a hole, which she described as being 12 to 15 inches wide and five inches deep, fell and broke her foot. The hole was located in an area between two vendors' displays. She described the hole as a grassy, oblong depression in the ground.

**{¶6}** Appellants filed a Complaint seeking damages for Lauren Radford's injuries.

**{¶7}** Appellee filed a motion for summary judgment arguing that it did not owe any duty to Appellants, that the hole in which she fell was open and obvious, and that

any claims were barred by the terms of a waiver contained on the ticket purchased to gain entrance to the event.

**{¶8}** By Judgment Entry filed April 22, 2010, the trial court granted summary judgment in favor of Appellee, finding "the alleged hole was not an unreasonably [dangerous] condition and was open and obvious negating any duty on the part of [Appellee] to warn or protect the [Appellant]."

**{¶9}** Appellants now appeal, assigning the following sole error for review:

## ASSIGNMENTS OF ERROR

**{¶10}** "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN GENUINE AND MATERIAL ISSUES OF FACT REMAINED FOR A JURY."

**I.**

**{¶11}** In their sole assignment of error, Plaintiffs-Appellants argue that the trial court erred in granting summary judgment in favor of Defendant-Appellee. We disagree.

**{¶12}** "Summary Judgment Standard"

**{¶13}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent part:

**{¶14}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law.  * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

{¶15} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed.  The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case.  The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim.  If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial.  *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

{¶16} It is based upon this standard that we review Appellant's assignments of error.

{¶17}  Appellants argue that the trial court erred by granting summary judgment on the issue of the hazard being "open and obvious."  Upon review, we conclude that the evidence, when viewed in a light most favorable to Appellants, demonstrates that Appellee was entitled to judgment as a matter of law on the negligence issue.

{¶18} A successful negligence claim requires a plaintiff to prove: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. See *Texler v. D.O. Summers Cleaners* (1998), 81 Ohio St.3d 677, 680, 693 N.E.2d 217, 274; *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616; *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 472 N.E.2d 707.

{¶19} Generally speaking, whether a duty exists is generally a question of law for the determination of the trial court. *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265.

{¶20} In cases of premises liability, the scope of the duty owed by the landowner is dependent on the status of the person, i.e., trespasser, licensee, or invitee, who enters upon the land. In other words, the duty owed is predicated on the "nature of the relationship" between the *decedent or injured party* and the property owner "at the time of the accident." *Mitchell v. Cleveland Elec. Illuminating Co.* (1987), 30 Ohio St.3d 92, 94, 507 N.E.2d 352.

{¶21} A business invitee is a person who comes "upon the premises of another, by invitation, express or implied, *for some purpose which is beneficial to the owner."* *Light v. Ohio University,* 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (emphasis added).

{¶22} In the case sub judice, it is undisputed that Appellant was a business invitee of Appellee.

{¶23} A business premises owner or occupier possesses the duty to exercise ordinary care in maintaining its premises in a reasonably safe condition, such that its

business invitees will not unreasonably or unnecessarily be exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 203, 480 N.E.2d 474, 475.

**{¶24}** It is well-settled law in Ohio that "the owner of a premises is not an insurer for the safety of visitors who come upon his land." *Fawley v. Kings Island,* 12th Dist. No. CA2004-01-012, 2004-Ohio-4312, at ¶ 7; *Stein v. Oakwood* (May 8, 1998), 2nd Dist. No. 16776 .

**{¶25}** While the premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers, see *Jackson v. Kings Island* (1979), 58 Ohio St.2d 357, 358, 390 N.E.2d 810, 812, invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. See, e.g., *Brinkman v. Ross* (1993), 68 Ohio St.3d 82, 84, 623 N.E.2d 1175, 1177; *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus. As the court stated in *Sidle:*

**{¶26}** "An owner or occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Id., paragraph one of the syllabus. When the open and obvious doctrine applies, it obviates the duty to warn and acts as a complete bar to any negligence claim. *Armstrong v. Best Buy Co., Inc.,* 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, at ¶ 13.

**{¶27}** Additionally, in a trip and fall case against an owner or occupier, "the plaintiff must show that the defendant had, or in the exercise of ordinary care should have had, notice of the hazard for a sufficient time to enable him, in the exercise of

ordinary care, to remove it or warn patrons about it." *Presley v. Norwood* (1973), 36 Ohio St.2d 29, 31, 303 N.E.2d 81 (citing *Anaple v. Standard Oil Co.* (1955), 162 Ohio St. 537, 127 N.E.2d 128; *Johnson v. Wagner Provision Co.* (1943), 141 Ohio St. 584, 49 N.E.2d 925).

**{¶28}** Upon review of the record, we do not find that the trial court committed error in granting Appellee's motion for summary judgment.

**{¶29}** In the instant case, Appellant claims that the hole/depression in which she fell was concealed because the area had been mowed, leaving the grass the same height, thereby making such hazard undiscoverable.

**{¶30}** Upon review, we find that Appellant had knowledge of conditions that should have caused her to recognize that the ground was potentially hazardous. She was in fact, at an outdoor event held in an open, grassy field, an area that remains rustic in nature, and which will invariably contain various dips, holes and contours. The fact that the hole she stepped into was obscured by grass does not obviate her general knowledge of the ground conditions. See *Fawley v. Kings Island*, Twelfth Dist. App. No. CA2004-01-012, 2004-Ohio-4312. See also *Young v. Local 775 Housing Association* (May 30, 1997), Montgomery App. No. 16226 (holes and depressions are ordinary hazards which anyone walking in grass can expect).

**{¶31}** Because appellant had such knowledge, Appellee cannot be found negligent absent evidence that it had superior knowledge of the danger.

**{¶32}** Appellant, in her deposition, stated that when she fell, a man from a nearby tent came over and stated that he "had been watching people fall on that hole all day." (Lauren Radford, Depo. at 21, 28). However, while this unidentified person may

in fact have watched numerous people fall that day, Appellant failed to present any evidence that Appellee had actual or constructive notice that a hazard existed in the form of a hole or depression in the ground. As Appellant has failed to present such evidence, her negligence claim fails as a matter of law.

**{¶33}** Based on the foregoing, we find that Appellee had no duty to warn Appellants about the hole because such would have been an open and obvious danger.

**{¶34}** Even if we did find that reasonable minds could differ on the question as to whether this hole was open and obvious and that Appellant therefore had a duty to warn, we still find that Appellant has failed to present any evidence that Appellee knew or should have known of the existence of the hole.

**{¶35}** Appellants' sole assignment of error is overruled.

**{¶36}** Accordingly, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

JWW/d 0111

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


LAUREN RADFORD, et al.          :
                                     :

    Plaintiffs-Appellants       :
                                     :

-vs-                            :             JUDGMENT ENTRY
                                   :

NATIONAL WHITETAIL DEER    :
EDUCATION FOUNDATION      :
                                   :

    Defendant-Appellee       :           Case No. 10 CA 24


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.

Costs assessed to appellants.


                                   _____


                                   _____


                                   _____

                                           JUDGES